1841.

Bowman
v.
Marshall.

BOWMAN *vs.* MARSHALL & JONES.

The one hundred and thirty fourth rule of the court of chancery, authorizing the complainant in a foreclosure suit to apply for a decree on any regular motion day, where the bill is taken as confessed, or where no answer has been put in denying a material allegation in the bill, only applies to cases where the bill has been taken as confessed, or where the cause is in readiness for hearing upon bill and answer; but does not authorize the complainant to apply for a decree upon a motion day where a plea or demurrer to the bill has been filed in good faith.

Where the defendant in a foreclosure suit puts in a frivolous plea or demurrer, the complainant may apply upon a motion day to overrule such plea or demurrer, and for a final decree in the cause as upon a bill taken as confessed. But to entitle the complainant to such a decree, he must give special notice to his adversary that he intends to move for an order to overrule the plea or demurrer as frivolous, and to take the bill as confessed, and for a final decree thereon.

March 16.

THIS was an application by the complainant to overrule the demurrer of the defendant Marshall, as frivolous, or to set it aside for irregularity, and to take the bill as confessed, and for a final decree in the cause. The bill was filed to foreclose a mortgage given to the complainant by Marshall. Jones, a subsequent incumbrancer, suffered the bill to be taken as confessed against him. But Marshall demurred to the bill for want of equity; which demurrer was evidently frivolous and put in for the mere purpose of delay. It was also defective in point of form; his solicitors having by mistake signed the demurrer as solicitors for Bowman, the mortgagee, instead of signing it as the solicitors of the defendant Marshall. On a former motion day the complainant's solicitor had noticed the cause for hearing upon the demurrer, and for a final decree in the cause; supposing that he was authorized to do so under the provision contained in the 134th rule, relative to the hearing of mortgage causes, upon motion days, either in vacation or during term.

The CHANCELLOR, upon that application, decided that the 134th rule, as amended in June 1840, was not intended to give the complainant the right to apply for a final de-

cree, in a foreclosure case, where a plea or demurrer to the bill had been put in in good faith. That the rule was only intended to cover that class of cases, specified in the second section of the act of May, 1840, to reduce the expense of foreclosing mortgages in the court of chancery, where the bill had been taken as confessed, or where the answer of the defendant so far admitted the allegations in the bill as to entitle the complainant to a decree of foreclosure upon bill and answer. That the peculiar language of the part of the rule which relates to this subject, was adopted for the purpose of including the case of an infant who had put in a general answer by his guardian ad litem. That where a plea or demurrer had been put in to a foreclosure bill, in good faith, the cause was not in readiness for a final decree upon the disallowance of such plea or demurrer ; as the defendant had the right to put in an answer to the bill, upon payment of costs. (*See Rule* 49.) And that where the complainant intended to insist that the plea or demurrer to a bill of foreclosure was frivolous, and to ask for an order to take the bill as confessed, and for a final decree in the cause, on that ground, he should apprise the defendant of such intention, by a special notice to that effect.

The application to bring on the argument of the demurrer and for a final decree was therefore denied ; with liberty, however, to the complainant to apply, upon due notice to the defendant, to overrule the demurrer as frivolous, or to set it aside as irregular, and to take the bill as confessed, and for a final decree ; if he should be advised to make such an application.

*J. Rhoades*, for the complainant.

*M. T. Reynolds*, for the defendants.

THE CHANCELLOR. There is a technical defect in the signing of this demurrer ; and as the object of the defendants was evidently to delay the decree of foreclosure, the

1841.

Bowman
v.
Marshall.

demurrer would have been set aside, on this ground, if the application had been made the first opportunity after the demurrer was served on the complainant's solicitor; although he was not misled thereby. But the court will not listen to a mere technical objection of this kind unless it is made without delay. The only question for consideration, therefore, is whether it is proper to hear this application, to overrule the demurrer as frivolous, upon a special motion day; or whether the complainant shall be subjected to the delay of setting it down at the term as a calendar cause.

As a general rule, the court will not decide upon the merits of a plea, or demurrer, upon a special motion to overrule the same as frivolous. For in ordinary cases it cannot be necessary for the court to interfere before the cause is reached in its regular order upon the calendar. For that class of causes is always reached at an early day in the term; and if the plea or demurrer is then found to be frivolous, the bill may be taken as confessed, and the proper decree immediately entered, unless it be a case in which an answer is necessary. The spirit of the act of May, 1840, relative to the foreclosure of mortgages in this court, however, requires that a frivolous plea or demurrer to a bill of foreclosure should be made an exception to this general rule. And in all such cases, where a defence of that kind is interposed, which is clearly frivolous and intended for delay merely, the complainant will be permitted to make an application, upon any special motion day, before the cause could have been reached and disposed of in its regular order on the calendar, for an order to overrule the plea or demurrer as frivolous, and for a final decree upon the bill taken as confessed.

The demurrer in this case must be overruled accordingly, and the bill must be taken as confessed for want of an answer; and the usual decree for the sale of the premises must be entered.

As the amount due is stated in the bill, the interest may be computed up to this time and inserted in the decree, without the unnecessary expense of a reference to a mas-

ter. The decree will reserve the right to the complainant to apply for the payment of his judgment out of the surplus monies which may be produced by the sale; subject to the rights of incumbrancers who have liens upon the premises, subsequent to the mortgage and prior to the judgment of the complainant which is set out in the amended bill.