POLHEMUS and wife *vs.* HODSON and others.

A verbal agreement by one co-tenant with another, that he will convey to him his interest in the premises, is no bar to a suit for partition.

This cause was heard on bill, answer, and proofs.

*Mr. Merritt,* for complainants.

*Mr. Cannon,* for defendant, Hodson.

In this case, complainant files his bill for partition of house and lot, which belonged to his wife's father, John Hodson.

Emanuel Hodson, one of the tenants-in-common, has filed his answer, in which he sets up that, by an arbitration entered into between him and the complainants, and the other heirs, an award was made, wherein they bound themselves to convey to him the property now sought to be divided.

He also claims that a deed was actually made and executed to him for this property, which was signed by the widow and all the owners, except the complainant and his wife, and that the complainant obtained this deed from him, under the pretext that he and his wife desired to execute it, and after thus possessing himself of it, suppressed or destroyed it, and thus endeavored to avoid carrying out the contract of sale.

This, we submit, was a fraud upon us, and that the complainants ought not to be allowed by this court, under these circumstances, to have a partition of this land. We should be left to enforce a specific performance of this contract, either in this court, or by a suit at law.

We also insist, that this deed for the other shares in the property, having been delivered to us, we are the owners of that interest, as well as our own, and cannot be divested of it by the fraudulent secretion or destruction of the deed by the complainant.

THE CHANCELLOR.

The complainant, Mary H. Polhemus, and the defendants, Emanuel Hodson and Anna M. Cook, wife of Charles L. Cook, were each seized in fee of one-third of a ten acre lot, in the county of Burlington, of which John Hodson, the father of Mary and Emanuel, and the grandfather of Anna, died seized, intestate. The defendant, Lucretia Hodson, the widow of the intestate, had released her right of dower in it.

The complainants file their bill for partition. The defendant, Emanuel Hodson, by his answer, sets up that Charles L. Cook and wife had executed and delivered to him a deed, conveying the third of Anna M. Cook, and that the complainants had bargained and sold their part to him, and had agreed to execute a deed for it.

By the evidence, it appears that Cook and wife and the complainants had verbally agreed to convey their right in the premises to Emanuel Hodson, for $3000; the deed had been signed, and the execution duly acknowledged, but had never been delivered, or stamped, nor the consideration paid; It was held by the complainants in this condition. There is much testimony taken about an alleged award on a submission. The validity of that award is of no consequence to the only question raised here—the fact of the delivery of the deed.

The answer does not set up that the deed was delivered by the complainants; and the evidence clearly shows that it was not delivered at all. Even if a case had been shown, entitling Emanuel to relief in a suit for specific performance, it is no bar to this suit. He may never be willing to pay the $3000, or call on the parties to perform. Partition must be decreed.