Wakeman *v.* Dodd.

WAKEMAN, appellant, and DODD, respondent.

1. Where the bill alleges a parol contract to purchase land at a sheriff's sale, for the benefit of the defendant in execution, an answer denying the contract will be good without setting up the statute of frauds. The bar to the complainant's suit is then complete, because no proof of the parol contract can then be admitted, such proof being illegal by the statute.

2. The jurisdiction of equity to enforce a parol contract of this kind, rests upon the ground of fraud. The cases wherein such contracts have been enforced, have been where the facts, aside from the contract, have been evincive of fraud on the part of the purchaser. When the parol contract has been made use of to mislead the complainant and deceive him out of his property, relief is afforded for that reason, and not by virtue of the contract.

3. The purchaser in this case, having been, at the time of the foreclosure and sale, the complainant's confidential adviser in regard to the business and suit, was disabled by such fiduciary relation from becoming a purchaser for himself. He must be held to have acted as her trustee, and be decreed to account.

---

Appeal from a decree of the Court of Chancery, made in accordance with the opinion of the Vice-Chancellor, reported in 11 *C. E. Green* 485.

*Mr. Coult*, for appellant.

*Mr. A. Q. Keasbey*, for respondent.

The opinion of the court was delivered by
DODD, J.

At a foreclosure sale on the 23d of October, 1868, certain mortgaged premises belonging to the complainant, Laura S. Dodd, were purchased by the defendant, John P. Wakeman, for the sum of $3750. In the following March, Wakeman sold the premises for $6500. In July, 1873, the complainant brought suit to recover from Wakeman the difference between his disbursements and receipts, alleging in her bill a parol contract, by which he agreed to purchase at the sheriff's sale,

hold the premises in trust until they could be re-sold, and pay her whatever should be realized above his expenses.

The cause having been heard by the Vice-Chancellor, a decree was made in accordance with the prayer of the bill. Upon the argument of the appeal in this court, exception was taken to the ruling expressed in the advisory opinion, that a parol contract to purchase land at a sheriff's sale for the benefit of the defendant in execution, will be enforced in equity, even if free from fraud, unless the statute is properly invoked by the pleading to nullify the contract. The exception taken to this ruling is correct. Where the case is free from fraud, and the wrong on the part of the defendant consists solely in refusing to do what he agreed, an answer denying the agreement is a good answer to the bill. The bar to the complainant's suit is then complete, because no proof of the parol agreement can then be admitted, such proof being illegal by the statute. But where the answer admits an agreement, though only a parol one, the defendant must plead the statute in order to obtain its protection. In this respect, there is a wide difference between the statute of frauds and the statute of limitations, which it seems must in all cases be pleaded. *Fry on Spec. Perf.*, §§ 332, 336, 337; *Browne on the Statute of Frauds*, § 511, and the cases cited in note 3.

This rule of pleading was not drawn in question in the New Jersey cases referred to in the opinion below, viz., *Combs v. Little*, 3 *Green's Ch.* 310; *Marlatt v. Warwick and Smith*, 3 *C. E. Green* 109, and 4 *C. E. Green* 441; *Merritt v. Brown*, 6 *C. E. Green* 404. In *Walker v. Hill's Executors*, decided in this court, 7 *C. E. Green* 519, the correct rule of pleading, as above given, is distinctly declared. In all these cases the jurisdiction of equity to enforce the parol contracts, was placed upon the ground that there were facts, aside from the contract, evincive of fraud on the part of the purchaser. When the parol contract is made use of as the means of misleading the complainant and deceiving him out of his property, relief is afforded in equity because of the fraud, and not by virtue of the contract. So far, therefore, as the evidence in this case

goes merely to the proof of the agreement set out in the bill, it is illegal and cannot support the decree.

It was further contended for the appellant, that the decree could not be supported for fraud, because the facts evincive of it were neither properly averred in the bill nor established by the proofs. The bill avers, in substance and effect, that the defendant is the brother-in-law of the complainant; that he took much interest in her affairs prior to the sale by the sheriff, acting as her adviser in regard to it and offering to purchase in her interest; that relying on his promise to do so, she refrained from attending the sale and from procuring any one else to attend for her, and from taking any steps to raise the money to stop it; that the defendant attended and bought in the premises, and refused to execute the trust she had thus been induced to repose in him. These statements of the bill are sufficient allegations that the complainant was misled and deceived, and, if proved, would justify a decree, founded upon intentional fraud. But the evidence, in respect to these points, is conflicting and inconclusive, and does not, in my judgment, establish such fraud. The complainant, at that time, had separated from her husband, whose habits were bad, and was living with the defendant, where she lived prior to and at the time of her marriage, and was expecting to obtain a divorce, and to avail herself in the future of the defendant's aid and protection. After the sheriff's sale, she changed her purposes and plans, and upon the death of her husband in 1872, asserted her present claim. It is unnecessary to review the circumstances leading to and following the purchase and sale by the defendant, as disclosed in the testimony of the parties themselves and the other witnesses in the cause. From the evidence as a whole, it is fairly to be inferred that neither of the parties regarded the transaction at the time it occurred, as they came to regard it after the four or five subsequent years, during which their mutual relations had changed. That the defendant did not consider his purchase, when made, or at any time afterwards, as the result of or in pursuance of a contract with the defendant, and that his purpose in making the

purchase was quite the opposite of one to deceive and defraud, is clearly deducible, I think, from the proofs, and is, indeed, more consistent with the conduct and declarations of the parties themselves, than is the contrary belief. But while this is so, and while the imputation of intentional fraud may, in this view, be avoided, it is manifest from the evidence that the defendant was, at the time of the purchase, the complainant's confidential adviser. Standing in this fiduciary relation, the beneficial results of the purchase must be hers instead of his. The correctness of the decree upon this ground was so apparent at the close of the argument on behalf of the appellant, that further hearing was dispensed with.

The elementary principle of equity, by which a trustee is disabled to purchase, for his own benefit, the property of his *cestui que trust,* is too plainly applicable to the facts of this case to leave room for controversy or doubt. Without reference to fraudulent intent, and irrespective of the parol contract alleged in the bill, the facts, as they are pleaded and proved, conclusively evince that, as to the property in question, the defendant was the complainant's adviser, and, consequently, trustee. As such, he must be held to account. For cases illustrative of this equitable doctrine, reference need only be made to *Fox* v. *Mackreth,* with the accompanying notes in *Lead. Cas. in Eq.,* vol. *I.,* 92, 209.

The decree should be affirmed, with costs.

Decree unanimously affirmed.