## WILLIAM S. STANBERY

*v.*

## EVA M. BAKER et al.

1. Chancery rule 213, allowing objections to any pleading to be made on motion, does not authorize a motion to strike out a demurrer.

2. A court of chancery has inherent power to strike out a frivolous demurrer on motion.

3. Where, pursuant to statute, a demurrer to a bill is accompanied by defendant's affidavit that it is interposed in good faith, and the certificate of counsel that it is well founded, and it has been set down for hearing at the next term, such demurrer will not be stricken out, on motion, as frivolous, unless it appears that complainant will be prejudiced by the delay necessary to bring the case on for hearing.

---

On bill &c. On motion to strike out demurrer as frivolous.

*Mr. William R. Coddington,* for the motion.

*Mr. Winfield S. Angleman,* contra.

Stanbery *v.* Baker.

EMERY, V. C.

This motion to strike out a demurrer is made upon the ground that it is frivolous, uncertain and without merit. The motion cannot be considered as made under the two hundred and thirteenth rule, allowing objections to any pleading to be made upon motion, for such motion, under this rule, is one which is made in lieu of a demurrer or exception, and is a waiver of demurrer or exception by the express provision of the rule. The rule, therefore, does not authorize a motion to strike out a demurrer. *Nolan* v. *Nolan* (*Chancellor McGill, MS., Conclusions*). The notice of motion here does not purport to have been given under the rule, and it may therefore be considered as based upon the general power of the court of chancery to strike out a frivolous demurrer on motion. The existence of such right is denied by the defendant, but I think the court of chancery has the power inherent in every superior court of striking out a demurrer clearly frivolous, or clearly intended for the sole purpose of delay. *Bowman* v. *Marshall, 9 Paige 78, 80 (Chancellor Walworth, 1841).* And this seems to be the opinion of Chancellor Green. *Travers* v. *Ross, 1 McCart. 254, 258 (1862).* This right of the court of chancery to overrule and suppress pleadings as sham and frivolous would seem to be necessary for the due administration of justice, and to be the same in its character as the right constantly exercised in our superior courts of common law. Such right to strike out sham and frivolous pleas and demurrers in these courts has been expressly affirmed by our court of errors and appeals in *Brown* v. *Warden, 15 Vr. 176, 178 (1882),* in which case it was, moreover, held that the order striking out a demurrer as frivolous was not reviewable on error. And by a later case (*Mershon* v. *Castree, 28 Vr. 484*), the same rule was applied to the review of an order striking out a plea as sham and frivolous. In order to guard against the filing of frivolous demurrers to bills, the statute expressly requires (*Chancery act* § 27) an affidavit of defendant that the demurrer is interposed, not for delay, but in good faith, and also the certificate of counsel that he has read the bill and that the demurrer is well founded. And in order to avoid delay in the hearing of

a demurrer, the party demurring is required, within ten days, to notice the cause for argument at the next term (*Gen. Stat. p. 406 ¶ 174; P. L. of 1893 p. 199 § 3*), and if, upon the argument of the demurrer, it appears to be frivolous or intended for the purpose of delay, it shall be overruled as frivolous, and no order extending the time to answer shall be granted unless, on full examination of the circumstances of the case, evident injustice will be done unless the extension is granted. *Chancery act § 26.*

Where the case is set down regularly for hearing at regular term and the demurrer is found frivolous, the bill may then be taken as confessed at once and proper decree entered, unless time to answer is given. These strict and punitive statutory regulations of the practice relating to frivolous demurrers are manifestly sufficient to reach all ordinary cases of demurrers claimed to be frivolous, and to allow the disposition of them, under the practice prescribed by statute, without any unreasonable delay, and the summary relief of striking out should not be resorted to unless the circumstances of the case are such that the complainant will be prejudiced by the delay necessary to bring the case on regularly for hearing. In the present case, the statutory affidavit and certificate are annexed to the demurrer, and the demurrer has been set down for hearing at the May term. The case, moreover, as presented by defendants' counsel, strikes me as one where the court, at the hearing, even if it overrules the demurrer as frivolous, ought, perhaps, to permit an answer and cross-bill to be filed, in order to reach the real questions which defendant desires to present for adjudication. If the demurrer should be stricken out on motion, the court would not be in a position to exercise this power. The case, therefore, should come regularly to hearing, and the motion to strike out is denied, but without costs.