WILLIAM ARMSTRONG MACKEY et al.

*v.*

ANNIE J. MACKEY et al.

[Decided June 22d, 1906.]

1. Where, in partition, it appeared that the deceased owner left a will whereby he gave the land sought to be partitioned to a trustee, and that the trustee held the title to the land, the trustee as such was a necessary party. ·

. 2. An unprobated will is capable of conveying an interest in the property devised, and .where· a conveyance is made under a power in the will before probate, a subsequent probate validates the conveyance.

· 3. A plea is a ·proper method to take advantage of a want of parties.

4. By setting down a cause in equity for hearing on the 'bill and plea, the complainant on the hearing is bound by the facts pleaded.

5. In a suit for partition, a plea alleged that the deceased owner left a will duly executed, in which he devised the land sought to be partitioned to a trustee, in trust for specified purposes, and that the trustee, by virtue of the will, held title to the land in trust, and that the trustee was a necessary party to the bill.—*Held*, that the plea sufficiently showed a non-joinder of parties.

---

Heard on bill and plea.

This is a bill for partition. The complainants are William A. Mackey and his wife, and the defendants are the persons stated in the bill to have interests in or title to the real estate sought to be partitioned.

The real estate in question formerly belonged to Elias J. Mackey and Sarah E. Mackey, his wife, who were the mother and father of the complainant William A. Mackey. John H. Mackey was a brother of the complainant William A. Mackey. He died on the 17th of January, 1906, and his widow and four minor children are made parties.

It is charged that John H. Mackey was entitled to the one-eighth part of the lands in question.

The bill states that complainants are not informed whether said John H. Mackey died intestate or not, and again recites that his interest is subject to the right of dower of his widow, and to the terms of his last will and testament, if there should be one, "to which your orator refers."

To this bill the widow of John H. Mackey, Annie J. Mackey, filed a plea alleging that John H. Mackey left a last will and testament, duly executed in manner and form required by law to pass the title to lands and real estate, and did, in and by the same, give and devise all his lands and real estate to William A. Mackey (who is the complainant in this suit) in trust for the benefit of the four children of John H. Mackey, and did further, in and by the same, authorize the said trustee to sell and dispose of all of the said real estate owned by the said John H. Mackey, either at public or private sale, in as full a manner as he, the said John H. Mackey, might do if he were alive.

The plea further alleges that the said William A. Mackey, as trustee as aforesaid, by virtue of the provisions of the said will of the said John H. Mackey, now deceased, holds title to the equal undivided one-eighth part of the real estate sought to be partitioned in trust under and in pursuance of the terms and provisions of the said will.

The plea then charges that the said William A. Mackey, as trustee, is a necessary party to the said bill.

*Mr. Joseph H. Wilson* and *Mr. George A. Angle,* for the complainants.

*Mr. William H. Morrow,* for the defendants.

GARRISON, V. C. (after stating facts).

It seems too plain to require discussion that if John H. Mackey did leave a will, executed in compliance with the law, and did constitute therein a trustee with full power of sale, and such·trustee now holds the title to the land formerly owned by John H. Mackey, as in said plea set up, such trustee is a necessary party to this suit.

The complainants, however, insist that the plea does not show that the will has been admitted to probate, and therefore they claim that the plea is not a complete defence to the bill, and should not be sustained. Their contention is that the probate of a will is the judicial determination of its character and validity as such, and that until it has been duly admitted to probate it is wholly ineffectual as an instrument of title. And this undoubtedly is the general rule. *23 Am. & Eng. Encycl. L. (2d ed.) 117.* But it is also true that an unprobated will is capable of conveying an interest in property devised, and that if a conveyance be made under a power in the will before probate, subsequent probate will validate the conveyance. *23 Am. & Eng. Encycl. L. (2d ed.) 118; 1 Jarm. Wills (6th ed.) *662.* The latter authority going to the extent of saying: "Executors derive their title under the will, and not by virtue of the probate, which is merely the proof of their title."

A plea is a proper method to take advantage of a want of parties. *1 Dan. Ch. Pl. & Pr. (6th Am. ed.) *287.* And at *p. 638* he says:

"If it can be shown to the court that, with the parties already before it, the suit has been so framed as to be insufficient to answer the purpose of complete justice, a plea suggesting the facts necessary to make such a case would prevail."

This plea certainly does suggest facts showing that all of the necessary parties are not before the court in this suit.

By setting down the case for hearing on bill and plea, the complainant on this hearing is bound by all of the facts pleaded. It is pleaded as a fact that there is a will duly executed, and therefore capable of being admitted to probate; that this will vests title in a named trustee, and that such named trustee now holds title under the will, and that such trustee is not a party to this suit.

I am of opinion that, under these circumstances, the plea is good, and must be sustained.