WILLIAM MOORE et al.

*v.*

ROBERT MOORE et al.

[Decided July 22d, 1908.]

1. Where a bill is filed by a complainant as an adult, and it is discovered that he was an infant at the time of filing the bill and so continues, complainant will be allowed to amend by inserting a next friend, notwithstanding a motion by defendant to dismiss.

2. Where defect of parties is not apparent on the face of the bill, the defect may be brought before the court by plea.

3. A plea for want of proper parties is a plea in bar and goes to the whole bill, and want of capacity to sue may be taken advantage of by a plea to the person, for in such a case the party is not a proper one.

4. The usual practice in case of a bill filed on behalf of an infant without a next friend is for defendant to move to have it dismissed, with costs to be paid by the solicitor.

5. A suit begun by an infant without a next friend may continue on his arriving at full age in his own name as complainant, and a plea averring that complainant was an infant and exhibited the bill without a next friend is inefficacious when it is filed after complainant reached full age.

6. A plea which alleges that at the time complainant exhibited his bill he was an infant under the age of twenty-one years, to wit, twenty years, is insufficient, for such plea should aver that complainant before and at that time of filing the bill was and now is an infant under the age of twenty-one years, that is to say, of the age of —— or thereabouts.

7. The practice on the filing of a plea is for complainant to set it down for hearing if he conceives it to be bad and traverse it if he conceives it to be good in point of law, but denies the truth of its averments.

8. The court of chancery has power to strike out a frivolous demurrer or a frivolous plea.

9. Where a defendant knew the age of an infant complainant at the time the suit was instituted, and knew that complainant had been of full age for a period of eight days at the time he filed his plea alleging infancy, the plea was frivolous, and would be stricken out on motion.

On motion to dismiss plea as sham and frivolous.

*Mr. William J. St. Lawrence,* for the motion.

*Messrs. Ward & McGinnis, contra.*

WALKER, V. C.

On May 8th, 1908, the bill of complaint was filed in this cause. The complainants named in the bill are William Moore and Susan Moore, his wife, Mary Hagens and Mathew Hagens, her husband, Margaret Philis and James Philis, her husband, and Anna A. Jamieson. The suit is one for partition. On June 24th, 1908, the defendants filed a plea to the bill, which sets up that at the time the complainants exhibited the bill against the defendants the complainant Margaret Philis was an infant under the age of twenty-one years, to wit, twenty years, and exhibited the bill without having a guardian or next friend appointed to prosecute the suit for her, nor has any guardian or next friend been appointed for her since the commencement of the suit. The plea concludes with an averment that the matters pleaded are true, &c., in bar of the complainants' bill, and prays the judgment of this court whether the defendants should be compelled to make any other or further answer to the bill, and to be hence dismissed, with their costs.

The complainants gave notice to the defendants that they would move for an order that the plea be dismissed as frivolous, because it was only filed as a mere flimsy pretense for the purpose of delay and to harass the complainants in obtaining their just and legal rights in the partition of the lands described in the bill. Annexed to the notice and served therewith is an affidavit of the complainant Anna A. Jamieson, who deposes that she is the mother of the complainant Margaret Philis, who was born on June 16th, 1887, and that at the time of the commencement of the suit the complainant Margaret Philis was twenty years and eleven months old, and since that commencement of the suit has arrived at full age, to wit, on June 16th, 1908, which was eight days before the filing of the plea.

Where a bill is filed by a complainant as an adult and it is afterwards discovered that he was an infant at the time of filing the bill and still continues so, in the face of a motion by the de-

fendant to dismiss the bill, the complainant will be allowed to amend by inserting a next friend. *Flight* v. *Bolland, 4 Russ. 293.*

Where defect of parties is not apparent upon the face of the bill, the defect may be brought before the court by plea, and a plea for want of proper parties is a plea in bar and goes to the whole bill. *Dan. Ch. Pl. & Pr.* (6th Am. ed.) *290; Mackey* v. *Mackey, 63 Atl. Rep. 984.* It cannot be doubted that want of capacity to sue can be taken advantage of by a plea to the person. *Dan. Ch. Pl. & Pr.* (6th Am. ed.) *630. In such a case the party doubtless is not a "proper" one, for want of capacity.

The usual practice in the case of a bill filed on behalf of an infant without a next friend is for the defendant to move to have it dismissed, with costs to be paid by the solicitor. *Dan. Ch. Pl. & Pr.* (6th Am. ed.) *68.

Now, as seen, the want of capacity in the complainant Margaret Philis to sue is not fatal, but, if continuing, it would be relievable by the appointment of a *prochein ami.* As this infant is now of age she has capacity and the suit may properly continue in her name as a complainant. The plea is inefficacious. There is nothing in writing to amend by and there is no occasion for any amendment of the record. Moreover, the plea is bad in form. It merely alleges that at the time of exhibiting the bill, the complainant Margaret Philis was an infant under the age of twenty-one years, to wit, twenty years. A proper form of such plea is to be found in *Dan. Ch. Pl. & Pr.* (6th Am. ed.) *2097, which avers that the plaintiff before and at the time of filing the bill was, *and now is,* an infant under the age of twenty-one years; that is to say, of the age of (*blank*) or thereabouts, &c. Doubtless the defendant interposing the plea knew the age of the infant complainant, being near relatives, and maybe the omission to state that she was an infant at the time of the filing of the plea was purely made.

The practice on the filing of a plea is for the plaintiff to set it down for hearing if he conceives it to be bad, and to traverse it if he conceives it to be good in point of law, but denies the truth of its averments. Neither one of these courses was pursued, but, on the contrary, this motion was made to dismiss.

This court has power to strike out a frivolous demurrer on motion. _Stanbery_ v. _Baker, 55 N. J. Eq._ (_10 Dick._) _270._ This power, as I understand it, extends also to the striking out of a frivolous plea, for, said Vice-Chancellor Emery, in that case (at _p. 271_): "This right of the court of chancery to overrule and suppress pleadings as sham and frivolous would seem to be necessary for the due administration of justice, and to be the same in its character as the right constantly exercised in our superior courts of common law."

Upon the hearing of the motion under consideration there were no disputed facts. Counsel for the defendants appeared and contended for the sufficiency of the plea, but filed no counter affidavits. As I have already remarked, the defendants must have known of the age of the infant complainant at the time the suit was instituted, and, therefore, must have known when they filed their plea that the complainant had then been of full age for a period of eight days. Inquiry to ascertain the age of the complainant Margaret Philis, if necessary, for the purpose of filing the plea would have, and probably did, disclose the exact fact, but, more probably, no inquiry was made, as the defendants undoubtedly knew the age of this young woman, who was a near relative of all of them.

In my judgment the plea is sham and frivolous, and it will be stricken out.