SAMUEL SCHWARTZ

*v.*

LENA HOERSTER.

[Decided July 2d, 1921.]

A bill for specific performance of an oral contract to execute a written contract for the sale of lands, will be dismissed for want of equity.

On motion to dismiss bill.

*Messrs. Reed, Hetfield & Crane,* for the motion.

*Mr. William Newcorn,* opposed.

BUCHANAN, V. C.

Complainant, by his bill, alleges a promise by defendant (the owner of certain real estate in Plainfield) to execute a written contract for the sale and conveyance thereof to complainant, and her failure to carry out that promise; and prays that she be decreed specifically to perform the same. Defendant's motion is to dismiss, for want of equity and failure to disclose a cause of action, and because of the statute of frauds.

As to this latter point the rule is that where the bill alleges a contract of sale without stating whether oral or written, the bill will be sustained on motion to dismiss, but where the bill states the contract as oral, it will be dismissed on motion. *Douma* v. *Powers, 92 N. J. Eq. 125,* and cases cited. In the present case the bill sets up an *oral* promise—not, however, an oral promise to convey, but an oral promise to execute a written promise or contract to convey; and complainant's contention is that the statute of frauds does not apply.

The statute, it is true, deals with actions upon a "contract or sale of lands, tenements or hereditaments or any interest in or

concerning them." Possibly, complainant's ingenious argument that a verbal contract to execute a written contract of sale of lands does not come within the statute, may be sound as far as it goes; it is unnecessary to consider the question. The trouble is that complainant does not allege a *contract* to execute the written contract, but sets up merely a *promise*—shows no consideration for the promise, no fraud, no estoppel, nothing at all upon which a right to maintain an action upon that promise, in this or any other court, can be based.

But even if it be assumed that complainant shows the existence of consideration for the alleged promise, nevertheless, I think defendant's motion must still prevail. The statute of frauds is one of great antiquity, preventing the enforcement of any liability on a contract for the purchase or sale of interests in lands (in the absence of any special circumstances taking the case out of this statute) unless such liability be evidenced by a signed written memorandum; and, therefore, from the practical or laymen's point of view, preventing the arising of any such liability. Persons contemplating the sale or purchase of lands thus rely, and have the right to rely, on the belief that unless and until they bind themselves in writing thereto, they are not irrevocably committed to the contemplated act. The persons on the other side of the negotiations have the same knowledge and understand that they cannot rely upon an oral promise. The allegations of the bill show that complainant in the instant case had that knowledge. The averments are that a real estate agent, authorized or claiming to be authorized by defendant to negotiate a sale of the lands in question, told complainant that defendant would sell for $17,000. Complainant said he would pay $17,000, but upon the agent going back to defendant to arrange terms of payment, &c., she changed her mind and wanted $18,-000 for the property. Complainant agreed to the $18,000 and then the price went up to $19,000, and this was repeated by successive further steps of $19,500, $20.000, $21,000, $22,000 and $23,000. At the $23,000 price all the other terms were also agreed upon, and defendant promised to sign the written contract (which complainant presented, executed by himself), but again changed her mind—refused to sign—and asked $25,000.

Defendant's conduct, doubtless, has been the cause of irritation to complainant, but he could at any time have declined further negotiations unless she submitted a written and signed offer, by which she would be bound if and when accepted by complainant.

Complainant's object in the present suit is of course to get the property. He asks this court to decree, not the performance of an oral contract to convey, which he knows would not be decreed against the interposition of the statute, but to go one step back of that and decree the performance of an oral contract or promise to execute a written contract, which latter he could thereupon ask this court specifically to enforce. I can see no equity in such a bill—certainly, with no other facts than are here set up. A decree of dismissal will be advised.