Complainant has moved to strike out defendant's counter-claim as "sham and untrue."
By the 1915 supplement to our Chancery act (P.L. 1915 p. 185
§ 4) legislative sanction is given to striking out, on notice, "any frivolous or sham defense." But no legislation or rule of court specifically contemplates a motion of that nature against either a bill or counter-claim. By the same act (P.L. 1915 p.195 §§ 54, 55) cross-bills are abolished, and any matter theretofore the proper subject of a cross-bill is authorized to be set up by a counter-claim, and a counter-claim is there defined as a cross-action. Rules of court 70 and 71 were thereupon promulgated to conform to the provisions of sections 54 and 55 of the supplemental act above cited. *Page 42 
The counter-claim against which this motion is made is essentially what would have been defined a cross-bill under the practice antecedent to the supplemental act above cited; its averments, if true, fully support the affirmative equitable relief therein sought. While in a sense it is a defensive pleading, since it relates to the same matter as the bill, it is inherently a cross-bill for affirmative equitable relief, and as such cannot properly be said to be within the contemplation of the act of 1915 sanctioning motions to strike out sham defenses.
The affidavits filed in support of the motion may be said to adequately disclose that the averments on which the counter-claim bases affirmative relief are false. This raises the important question whether, in the absence of statutory sanction, there is in this court the inherent power to strike this counter-claim from the files for the reason stated.
There appears to be no doubt of the existence of a power inherent in the superior courts of this state to strike out a purely defensive pleading as sham. In our courts of law the power has been recognized from the earliest times independently of legislative sanction, and the exercise of the power is declared to be in harmony with the antecedent practice in the common law courts of England. Anonymous, 7 N.J. Law 160; Allen v.Wheeler, 21 N.J. Law 93; Coykendall v. Robinson,39 N.J. Law 98; Brown v. Warden, 44 N.J. Law 177; Mershon v. Castree,57 N.J. Law 484. In the court of chancery of this state a similar power appears to be recognized in Stanbery v. Baker, 55 N.J. Eq. 270,
in which case a motion was entertained, though not allowed, to strike out a demurrer; and that view has been sanctioned in Moore v. Moore, 74 N.J. Eq. 733, and WeidmanSilk Dyeing Co. v. East Jersey Water Co., 88 N.J. Eq. 397,
although an examination of the earlier cases in equity in this state and the antecedent English practice has disclosed no procedure of that nature in courts of equity.
It will be observed that in all the cases above cited the motion has been directed to purely defensive pleadings. Since a pleading which bases a defense on matters which are untrue is a mere sham and an obstruction of justice in a pending *Page 43 
suit, in this state it has been thought to be within the powers of the court to test the truth of the defensive matter by affidavits filed in support of a motion to strike the pleading from the records. In some jurisdictions this procedure has been held violative of the constitutional right of trial of issues of fact by a jury or by orderly examination and cross-examination of witnesses (as to such cases see an extended note on "ShamPleadings," in 113 Am. St. Rep. 639), but in this state the procedure is regarded as merely an inquiry whether there is an issue of fact to be tried, a distinction being recognized between the determination whether there is a real issue to be tried and the trial of an issue upon a motion; whether what in form is an issue is a real issue. Coykendall v. Robinson, supra. But no case appears to exist in this jurisdiction or elsewhere in which a motion has been presented, much less entertained, to strike out a declaration at law or a bill in equity on the ground that the averments on which relief is based are false. The right to thus summarily dismiss a suitor would seem to subvert all established conceptions of orderly procedure, and, so far as I am aware, no court has ever assumed to exercise the power to strike out as sham any pleading other than a purely defensive pleading, and no legislature appears to have ever given sanction to the exercise of such a power.
The pleading against which this motion is directed is in its inherent and essential quality an original bill in equity for affirmative equitable relief; prior to the statute of 1915 the pleading would have been defined a cross-bill to distinguish it from an original bill because, and only because, it relates to the same matter contained in the original bill filed by complainant; in such circumstances it was appropriately filed in the same cause and denominated a cross-bill. The act of 1915 permitting it to be annexed to the answer and defining it a counter-claim can impart to the pleading no new or essentially different quality.
Nor, as already suggested, can the section of the act of 1915 sanctioning motions to strike out "defenses" be regarded as intended to include counter-claims. The provisions of that act already cited touching counter-claims clearly distinguishes *Page 44 
between defenses and counter-claims, and defines the latter as a cross-action. Baum's Castorine Co. v. Thomas, 92 Hun 1;37 N Y Supp. 913, is measurably in point. The New York code of civil procedure, like our act of 1915, authorized a sham "defense" to be stricken out on motion; it was there held that a counter-claim, authorized in essentially the same manner as in our act of 1915, could not be regarded as a "defense," as that word is used in relation to pleading.
The only doubt in my mind touching these conclusions arises from a clause in the opinion filed in the court of errors and appeals in the case of Schmidt v. Schmidt, 5 N.J. Adv. R.136. In that case the appeal was from a refusal of the court of chancery to strike out a counter-claim. In sustaining the order of the court below the opinion of the appellate court, among other things, says: "If the motion be regarded as a demurrer, we think the counter-claim discloses a cause of action, and affidavits are not available. As a motion resting on a claim that the pleading was frivolous or sham, its disposition rests in the discretion of the court, and is not subject to appeal."Stanbery v. Baker, supra. If the sentence above quoted is to be given the effect of a recognition of the right to strike out a counter-claim as sham because untrue, it must be deemed authoritative and followed in this court. But I am unable to understand the language there used as more than an obviously accurate restatement of what had theretofore been determined, to the effect that a refusal to strike out a pleading as sham or frivolous rested in the discretion of the court and was not appellable; obviously, a specific consideration of the question whether such a motion could be entertained against a counter-claim was unnecessary and inappropriate, since in any event its refusal would be discretionary.
The motion to strike out the counter-claim as sham will be denied. If complainant will promptly answer its averments, an early hearing will be given. *Page 45