The bill is to foreclose a $225,000 mortgage because the first installment of interest was not paid and remained in default fifteen days, which matured the mortgage at the complainant's election. The answer admits $215,798.87 was paid, but sets up that the balance, $9,201.13, was withheld upon the inequitable pretense that the property was subject to certain prior liens,i.e., conditional sales contracts of personal property that form no part of the mortgaged premises. The defense is that there was no default because the complainant should have, as requested, applied the money wrongfully withheld to the payment of the interest. The complainant moves to strike the answer as sham.
It is not disputed that the complainant paid the $9,201.13 to the title company which insured the title of the mortgaged premises, upon the written direction of the defendant. The title company's official, who handled the matter, testified *Page 10 
that it was paid over to his company, by agreement with the president of the defendant, as additional security to an indemnity agreement given by the president and others to protect the title company against two of the conditional bills of sales, against which the title was insured.
Defendants' affidavits give an entirely different reason for the non-payment of the $9,201.13 than set out in its answer. It is that it agreed that the balance should be paid to the title company for the complainant's accommodation, to more conveniently and accurately check up the true amount of the balance. This all may be true, but not the implication that when this was done the balance was to be paid to the defendant by the title company. The defendant altogether ignores the fact sworn to by the title company official, that the balance was paid over for the indemnity of his company upon its title policy, by agreement with the defendants' president. That fact is controlling. Unanswered, it proves the defense to be sham.
The counter-claim sets up the facts set out in the answer by stating that the allegations of the answer are repeated, and the prayers are that the complainant pay over the balance, or, in the alternative, that the defendant be restored to its position it occupied prior to the execution of the mortgage, or, that only $207,949.42 be decreed due on the mortgage, and that the date of the bond and mortgage be reformed, c. There are no facts alleged in the answer or counter-claim to warrant the prayers for the alternative relief. The main prayer to recover the balance is based solely upon the defensive allegations in the answer which have been adjudged to be untrue and sham.
It is argued that although, in fact, untrue, a counter-claim cannot be struck out as sham. As a general proposition, that is the accepted view. South Camden Trust Co. v. Stiefel, 101 N.J. Eq. 41.
But where the counter-claim rests upon the allegations of the answer which have been found to be untrue, it must fall with that upon which it is built. The issue is res adjudicata.
It is as though the defendant had *Page 11 
again set up the facts in the counter-claim and had alleged that the court had adjudged them to be untrue. Surely in such a posture, a counter-claim would be stricken as a sham.
Bills and counter-claim are not, on principle, stricken as sham; the facts alleged are assumed to be true for the purpose of the motion. Suitors are not to be dismissed summarily, upon exparte proof, if their complaint shows they are entitled to relief; they are entitled to the judgment of the court after trial. But the hypothesis cannot prevail in the face of an adjudication in the same cause that the complaint is without foundation. Fiction must give way to the obvious. The court cannot assume to be true that which it found to be untrue.
The answer and counter-claim will be stricken out.