Essex County Orphans Court.

IN THE MATTER OF THE ESTATE OF JANE A. McCABE, DECEASED.

Decided February 23, 1934.

For the petitioners, *John M. Emery.*

For the respondent, *Henry J. Camby,* proctor for Laura J. French, co-executrix.

HARTSHORNE, J.    This is an application by two sisters, co-executrices of their mother's will, to remove a third sister, also a co-executrix of such will, from her position as such, under section 149 of the Orphans Court act, as amended in 1921.  2 *Cum. Supp. Comp. Stat., p.* 2625.    Petitioners charge, as bases therefor, various acts of the respondent both before and after her qualification as executrix.    Respondent insists that no acts previous to her qualification can be considered under the statute, and that bad faith therein is essential for her removal.

The statute cannot be so construed.    It gives the court discretionary power to remove on various grounds, among which are that such executor "has failed, neglected or refused to properly perform his duties as such executor * * * or has failed, neglected or refused to join with the other executors * * * in the administration of the estate committed to their care."    It would be quite unreasonable to construe

these clauses as having an identic meaning, *i. e.,* one being pure pleonasm. The only reasonable construction is to view the first clause as referring to the acts of an executor occurring after his qualification, the second clause as referring to his acts occurring before qualification but after the estate had been "committed to their care" by the will itself upon the death of testator. *Thiefes* v. *Mason,* 55 *N. J. Eq.* 456, 460; 37 *Atl. Rep.* 455; *Mackey* v. *Mackey,* 71 *N. J. Eq.* 686, 688; 63 *Atl. Rep.* 984. Furthermore, in view of the fact that neglect, as distinguished from refusal, is a ground for removal, it is clear that bad faith is not an essential factor. The executor's conduct, whether with or without bad faith, must show him to have been "flagrantly derelict." *In re Hanretty's Estate,* 2 *N. J. Mis. R.* 55; 96 *N. J. Eq.* 716; 125 *Atl. Rep.* 563.

Petitioners, in asking for respondent's removal, rely largely upon a series of proceedings taken in this court by respondent, on caveat, and on various exceptions to account, as indicating her failure, neglect or refusal to perform her duties. True, in certain conferences and for a considerable period during the course of such litigation as to the administration of the estate, respondent stood rather firmly on what she and her counsel deemed to be her rights, and on at least one occasion she appears to have made unjustifiable threats of reprisals, for what she mistakenly deemed to be petitioner's unjustifiable denial of her rights. But she took no steps whatever to carry out such threats, and they were doubtless but the human result of the bitter feelings that had existed between the three sisters for several years. These feelings were fully reciprocated, and had reached such a point that petitioners, though not respondent, in open court refused to consider the suggestion of the court, that all parties stop wasting their inheritance in riotous litigation, both in this state and in New York, and confer together, to see if there were not some terms on which they could compose their differences.

In general, however, respondent's unsuccessful applications to this court constitute the main grounds alleged for her re-

moval. Note, then, her failure to promptly proceed with her duties is not due to her willful contemning of the orders of the court, for she has been practically continually before this court on her own applications for a year or more. Further, while there may well have been bad blood between the three sisters, it cannot be successfully claimed that her applications were filed in bad faith, purely to cause petitioners unjustifiable delay and expense in the administration of the estate. If such had been her purpose, she would not have either limited her appeal from the court's decision on her caveat, or ultimately have dropped such appeal, but would have adopted that all too ready method of delay—an appeal, first, to the Prerogative Court, and thence to the Court of Errors and Appeals.

True, her applications were all denied, in one instance because she had not chosen the proper forum, and in others on the merits. But the incorrectness of her judgment as to the merits of her claims, when acting upon the advice of counsel, hardly show her to be "flagrantly derelict" in the performance of her duties as executrix, even where, on a mere counsel fee application, she is found not to have had "reasonable cause" to litigate. She there acted upon the advice of counsel, and, furthermore, in view of the bitter feelings that had long been engendered between her and her sisters, it was as natural for her to look with suspicion upon her mother's will, changed to her detriment from its original provisions, after her mother had been closely associated with her sisters but not with her, as it is now for her sisters to look with suspicion upon her acts in protecting her alleged rights in court.

The thought of testatrix in appointing all three sisters as executrices was doubtless to protect each in their approximately equal share in the estate. To remove respondent from such position for the above reasons, at a time when the other executrices are, to say the least, not disposed to look with favor upon her and her claims, would be an unjustifiable violation by the court both of the intentions of testatrix and of respondent's rights. However, should further difficulties arise in the administration of the estate, prompt application for

relief may be made to this court, at the foot of the order to be entered herein in accordance with this opinion. In view of the situation in this controversy, and the litigious leanings of the parties, no counsel fees or costs will be awarded either side.

As to the application to reopen the hearing on the caveat, such comes too late and will be denied. *In re Roberson,* 95 *N. J. Eq.* 672; 123 *Atl. Rep.* 721; *Locher* v. *Locher,* 111 *N. J. Eq.* 123; 163 *Atl. Rep.* 646.