This suit is before the court on two motions; one to strike the bill on the ground that it fails to disclose a cause of action for equitable relief, and the second to strike Tube Reducing Corporation as a defendant. The bill is brought to restrain defendants from drilling holes for the purpose of constructing water wells within the complainant Borough, on the ground that this is forbidden under a zoning ordinance of the complainant.
It is the contention of defendants that this particular provision of the zoning ordinance is without statutory authority, and that, in any event, it is unconstitutional.
The second motion is based upon a petition made by Tube Reducing Corporation asking that it be stricken as a defendant, on the ground that the bill is predicated upon the allegation that this defendant is the owner of the premises, whereas, in fact, it is not the owner, but merely the agent for Defense Plant Corporation, the actual owner, and that Defense Plant Corporation is an instrumentality of the United States Government, engaged in war work, and, therefore, not subject to the restriction of the zoning ordinance in question. This petition is based upon affidavits setting forth the title to the premises in question, and showing that it is the federal government, through the Defense Plant Corporation, which is conducting the operations in question.
This second motion, based in substance upon the statement that the bill is brought against the wrong defendant, is not made in accordance with the recognized practice in equity, where a complainant is entitled to be heard as to the truth of the allegations in his bill. R.S. 2:27-125, provide for the striking of a complaint in an action at law as sham or frivolous on the ground that the allegations are demonstrably false in fact, but in equity the Revised Statutes provide only for the striking of an answer on these grounds. R.S. *Page 577 2:29-46. See South Camden Trust Co. v. Stiefel, 101 N.J. Eq. 41.
The question of whether Tube Reducing Corporation is the owner of the premises should be raised by answer, and not passed upon merely on the motion to strike.
As to the other motion, it is contended that forbidding the owner of real estate to sink wells for the purpose of taxing subjacent waters for use on the premises is confiscatory, and, therefore, in violation of the constitutional rights of the owner. The right to forbid such use of its property by an owner is at least very doubtful under the case of Meeker v. EastOrange, 77 N.J. Law 623. The zoning ordinance might well be upheld in so far as it might prevent the sinking of wells for the production of water for sale to others than the owners of the premises, whereas the owner might have the right to sink wells for his own use. Again, the question might have to be decided as to whether the use by the owner would be so excessive as to unreasonably draw water from surrounding lands. In my opinion, a decision on this motion should be reserved until final hearing under the rule.
This is particularly true in view of the apparent situation which is not technically before this court, because of the rules of pleading hereinbefore set forth. It seems to be the situation that ultimately the question will have to be decided as to whether the rights of the federal government, operating through the Defense Plant Corporation, take precedence over the zoning ordinance in question, which it is claimed interferes with the war effort. In a recent case in the Supreme Court of the State of New York, entitled "In the matter of the Application of Arthur W. Brandt, State Superintendent of Public Works, Petitioner, for an order against Defense Plant Corporation, National Lead Company and The Delaware and Hudson Railroad Corporation, Respondents," N Y , a well considered opinion, it was held that Defense Plant Corporation could not be restrained from construction of a railroad across a state highway in violation of the rules of the Railroad Law, which forbade the construction of the railroad in the manner proposed.
The court held that the defendant was not subject to the regulation or control of the state, since it was an arm of the *Page 578 
government acting in the performance of one of its functions, in a field where it is supreme, and that the exercise of the right is in the nature of that of eminent domain.
In my opinion, the important questions involved here should be fully and completely heard before the court in final hearing, with all the questions fully and completely raised by appropriate pleading.
A decree will be advised accordingly.