The bill of complaint is one strictly for partition of real property or, if partition is impracticable, for sale and division of proceeds between complainants and defendants. Its six paragraphs allege that on April 15th, 1942, complainants and Frank M. Edwards and wife became vested with title to said land and premises; that on the same day Edwards and wife conveyed their undivided half interest to defendants; that complainants are seized of an equal undivided half part of the land and premises and defendants are seized of the other equal undivided half part.
The defendants' answer is endorsed "Answer and Counter-claim" but it contains no counter-claim; it is merely an answer and admits the allegations of all six paragraphs of the bill. It sets up by way of defense that on the day defendants acquired their undivided half interest, complainants entered into an agreement with them whereby complainants bound themselves not to bring any suit for partition of the land and premises until they gave defendants an opportunity to purchase complainants' interest at fair market value; also that prior to the institution of this suit complainants agreed that defendants were to pay and complainants were to receive $2,200 for complainants' interest in the land and premises and that complainants have refused to perform that agreement.
Complainants moved to strike the answer solely on the ground that it is sham and the motion came on for hearing on affidavits submitted by the parties, those submitted on behalf of defendants asserting the agreements between the parties as set up in the answer while the counter affidavits on behalf of complainants deny the making of such agreements.
A sham answer is one that is good on its face but false in fact. After reading and considering all the affidavits I am not satisfied that the answer is palpably false, but on the *Page 377 
argument of the motion defendants' counsel stated that the agreements on which defendants rely by way of defense are not evidenced by any writing but are wholly oral, whereupon it appears that the answer is frivolous in that it is one which although perhaps true in fact sets up no valid defense. It is frivolous because an oral agreement between tenants in common not to partition is unenforceable under the statute of frauds (R.S.25:1-5 d; Brands v. Cassedy, 124 N.J. Eq. 417; affirmed,125 N.J. Eq. 346; Wujciak v. Wujciak, 140 N.J. Eq. 487) and an oral agreement by one co-tenant with another to convey his interest in the land and premises is also unenforceable under said statute. Polhemus v. Hudson, 19 N.J. Eq. 63; Wakeman v.Dodd, 27 N.J. Eq. 564; Schwartz v. Hoerster, 93 N.J. Eq. 100.
The sole ground stated in the notice of motion as the basis for the motion to strike is that the answer is sham; however, since it appears to the court that even if the answer were allowed to stand and the facts stated therein were found to be true on final hearing, they would not present a legal defense to complainants' cause of action, the court of its own motion should strike the answer as tending to obstruct due administration of justice and therefore frivolous. Stanbery v. Baker, 55 N.J. Eq. 270;Moore v. Moore, 74 N.J. Eq. 733; In re Beam, 93 N.J. Eq. 593;Strauss v. Rabe, 97 N.J. Eq. 208; affirmed, 98 N.J. Eq. 700.
The remaining allegation of defendants' answer is that no sum is due complainants for any moneys expended by them for taxes, water rents, insurance premiums, necessary repairs and similar charges on the land. The bill of complaint does not charge that complainants have made any such expenditures but one of its prayers is that defendants' share in the proceeds of sale be charged with such sum as shall be found due complainants for moneys expended by them for the aforesaid purposes. Such allegation of the answer sets up no defense and presents no question except such as may properly be referred to a master under Chancery rule 202, therefore it is not necessary that the answer in that respect should stand for the purpose of setting the cause down for hearing in order to obtain a reference. Under our procedure in partition *Page 378 
where no reason appears against granting the relief sought by complainants, the practice is to take the bill as confessed and order a reference to a special master and in this case it would be proper to include in such order a direction to the master to ascertain, on notice to both parties, what sum of money if any is due from either party to the other for money expended for maintenance and upkeep of the property sought to be partitioned.
The answer will be stricken. *Page 379