| 59 | 195 |
| 62 | 369 |
| 59 | 195 |
| 67 | 225 |

HENRY KOHL, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. Under the act of March 12th, 1878 (*Pamph. L.*, *p.* 80), the writ of error in cases punishable with death is a writ of right, but such writ must issue out of the Court of Errors and Appeals in the first instance.
2. *Quære.* Whether the authority of the Supreme Court to review convictions in cases punishable with death, on writ of error issued by order of the Chancellor, still remains.

On error to the Supreme Court.

For the plaintiff in error, *Thomas S. Henry* and *Chauncy H. Beasley.*

For the state, *Elvin W. Crane.*

The opinion of the court was delivered by

DIXON, J.   The plaintiff in error, having been convicted in the Essex Oyer and Terminer of murder of the first degree and sentenced to be hanged, caused a writ of error to be issued from the Supreme Court on April 6th, 1895, in order to test the legality of his conviction.   On motion of the public prosecutor, this writ was dismissed by the Supreme Court because it had not been allowed by the Chancellor.   This action of the court is now before us for review.

On behalf of the plaintiff in error it is urged that his writ of error was a writ of right 'by virtue of the amendment to the Criminal Procedure act, approved March 12th, 1878 (*Pamph. L., p.* 80), which is as follows :

"That the eighty-third section of the act entitled 'An act regulating proceedings in criminal cases' [Revision], approved March 27th, 1874, which is in these words, viz., 'Writs of error in all criminal cases not punishable with death shall be considered as writs of right and issue of course; and in criminal cases punishable with death writs of error shall be considered as writs of grace, and shall not issue but by order of the Chancellor for the time being, made upon motion or petition, notice whereof shall always be given to the attorney-general or the prosecutor for the state,' be and the same is hereby amended, and it is hereby enacted as follows, viz., 'Writs of error in all criminal cases shall be considered as writs of right and issue of course; but in criminal cases punishable with death writs of error shall be issued out of and returnable to the Court of Errors and Appeals alone, and shall be heard and determined at the term of said court next after the judgment of the court below, unless for good reasons the Court of Errors and Appeals shall continue the cause to any subsequent term.' "

It is plain that if this enactment is to have the force which its language imports, the writ of error is, in all criminal cases, including those punishable with death, a writ of right; but it is equally plain that in cases punishable with death the writ of right is to issue out of the Court of Errors and Appeals·

alone. Hence, taken as a whole, the words of the statute afford no support to the claim that such a writ may issue out of the Supreme Court.

Counsel for the plaintiff in error, however, further argue that, according to the decision of this court in *Entries* v. *State*, 18 *Vroom* 140, the constitution has vested in the Supreme Court the power of reviewing judgments of the Courts of Oyer and Terminer in criminal cases, and the legislature cannot prevent the exercise of that power by authorizing writs of error from this court directly to those inferior tribunals; and thence they infer that so much of the act of 1878 as requires the writ to issue out of the Court of Errors and Appeals alone is unconstitutional, and the residue of the enactment making the writ a writ of right, remains without limitation.

The language of the opinion in the Entries case, which was not a capital case, must be restricted to the principle on which the decision rested. That principle is, that the jurisdiction of the Supreme Court existing at the adoption of our present constitution, was established by that instrument, and cannot be taken away by statute. What jurisdiction the Supreme Court had at that time by writ of error in criminal cases was defined by the thirteenth section of the Criminal Procedure act passed March 6th, 1795 (*Pat. L., p.* 162), which, prior to 1878, stood as the eighty-third section of the present act (*Rev., p.* 209), and is above recited. Under this law, the Supreme Court had absolute jurisdiction to revise on writ of error all judgments in criminal cases not punishable with death, and in such cases the legislature could not confer on this court the primary right of review. But in cases punishable with death, the authority of the Supreme Court was confined to the review of those judgments whereon the Chancellor should order a writ of error to issue. Whether this dependent authority is a jurisdiction guaranteed by the constitution, we need not now decide; if it be not, it forms no impediment to the legislative grant of the writ of error issuing as of right out of this court in all criminal cases pun-

ishable with death; if it be, it narrows that grant only so far as the jurisdiction of the Supreme Court extends, leaving the convict entitled as of right to his writ of error out of this court, whenever the Chancellor refuses to order the writ of grace out of the Supreme Court.

It thus appears that there is no constitutional obstacle in the way of our giving reasonable effect to the will of the legislature, that in all criminal cases there shall be a writ of error as of right, but that in cases punishable with death the writ of right shall issue out of this court alone.

The writ sued out by the plaintiff in error was neither the writ of grace provided by the act of 1795, nor the writ of right given by the act of 1878, and therefore was properly quashed.

The decision under review should be affirmed.

*For affirmance*—THE CHANCELLOR, DIXON, GARRISON, LIPPINCOTT, MAGIE, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON. 10.

*For reversal*—None.