STATE OF NEW JERSEY, defendant in error,

*v.*

IVA GIBERSON, plaintiff in error.

[Decided November 20th, 1922.]

1. A criminal case "punishable with death" is the same as a "capital case"—that is, one in which the death penalty may, but need not necessarily, be inflicted.

2. In all capital cases in which sentence of death or a term of imprisonment has been pronounced, and the convict is desirous of suing out a writ of error, application is required to be made to the chancellor therefor, and, if he grants it, the writ issues out of the supreme court as a writ of grace, but, if he refuses it, it issues out of the court of errors and appeals as a writ of right.

On application for writ of error from the supreme court on conviction of murder in first degree with judgment of life imprisonment.

*Mr. William Howard Jeffrey, Mr. Charles M. Atkinson* and *Mr. James Mercer Davis,* for the application.

WALKER, CHANCELLOR.

This is an application for a writ of error from the supreme court in behalf of Iva Giberson, convicted in the Ocean oyer and terminer of murder in the first degree, with recommendation to imprisonment at hard labor for life, under *P. L. 1919 p. 303,* which carries with it that sentence which has been imposed. The application is made under the act of 1795 (*Pat. L. p. 163*), which provides in section 13 that writs of error in all criminal cases, not punishable with death, shall be considered as writs of right and issue, of course, and in all criminal cases, punishable with death, writs of error shall be considered as writs of grace, and shall not issue but by order of the chancellor for the time being. This is a jurisdiction

vested in the chancellor as a statutory magistrate or agent. See *In re Prudential Insurance Co., 82 N. J. Eq. 335.* But the proceeding, not being one in the court of chancery, is, nevertheless, to be entitled in the court of chancery and filed with the clerk thereof. *P. L. 1915 p. 28.*

In 1878 (*P. L. p. 80*) the legislature amended the Paterson act, in terms, so as to make writs of error in criminal cases punishable with death, writs of right instead of writs of grace, by omitting the provision for the chancellor's order and expressly providing that such writs should issue as of course out of the court of errors and appeals, and this amendment has been carried forward since, and is now section 134 of the Criminal Procedure act. *Comp. Stat. pp. 1816, 1862.* Its constitutionality has been considered but never determined.

In *Kohl* v. *State, 59 N. J. Law 195,* the court of errors and appeals, considering the amendment of 1878, left undecided the question whether the authority of the supreme court, dependent upon the *allocatur* of the chancellor, is a jurisdiction guaranteed by the constitution; but observed, that if it were not it forms no impediment to the legislative grant of the writ of error as a writ of right out of the court of errors and appeals in all cases punishable with death; that if it be, it narrows that grant only so far as the jurisdiction of the supreme court extends, leaving the convict entitled to his writ of error out of the court of errors and appeals whenever the chancellor refuses to order the writ of grace out of the supreme court. In the *Kohl Case* the defendant, who had been convicted of murder in the first degree and sentenced to be hanged, caused a writ of error to be issued from the supreme court, which, on motion of the prosecutor, was dismissed by that tribunal because it had not been allowed by the chancellor. That action was reviewed by the court of errors and appeals in *Kohl* v. *State, supra;* and that court held that the writ sued out by the plaintiff in error was neither the writ of grace provided by the act of 1795 nor the writ of right given by the act of 1878, and was therefore properly quashed. Since this decision, which was in the year 1896, it has been the universal practice to apply to the chancellor for allowance

of a writ of error in a criminal case after judgment of death pronounced, and if he allowed the writ it issued from the supreme court as a writ of grace; if he refused it, it issued from the court of errors and appeals as a writ of right. But in some cases, capital in character, where the judgment has been imprisonment instead of death, the convicts have sued out writs of error from the supreme court, assuming them to be writs of right—notably in the two cases now about to be mentioned.

(1) In *State* v. *Mowser, 91 N. J. Law 395,* the defendant was convicted of murder in the first degree with recommendation to life imprisonment. A writ of error was issued out of the supreme court, without the order of the chancellor, and Mr. Justice Swayze, in that tribunal, reviewing the conviction, observed that no question has been made as to the propriety of that course, and it was assumed that the case was not one punishable with death since the jury recommended life imprisonment. This case (*State* v. *Mowser*) went to the court of errors and appeals, where it was reversed, but on ground not involving the point under discussion here, which was not mentioned. *State* v. *Mowser, 92 N. J. Law 474.*

(2) In *State* v. *Barone, 96 N. J. Law 374,* the defendant, on an indictment for murder, was convicted of murder in the first degree with recommendation to imprisonment for life, which carried that sentence with it, and, after judgment, he sued out a writ of error from the supreme court, without the order of the chancellor, and the judgment was affirmed on the merits without the question now before me having been raised or noticed. From the judgment of the supreme court Barone appealed to the court of errors and appeals, where the judgment was affirmed on the opinion of the court below, which involved no notice of the question of the chancellor's power. *Barone* v. *State,* No. 11, June term, 1922, court of errors and appeals, *96 N. J. Law 417.*

Pending the prosecution of his writ of error in the supreme court, Barone applied for release on bail under the Criminal Procedure act (*2 Comp. Stat. p. 1867 § 143*), which provides that pending the prosecution of a writ of error the

court in which judgment was rendered shall admit the defendant to bail, provided the section shall not apply to capital cases. The supreme court decided that Barone was excluded from the privilege of giving bail because he was convicted of a *capital* offence, and in the opinion Mr. Justice Bergen (without passing upon the question whether the action of the trial court could be properly reviewed by a writ of *certiorari* rather than *mandamus* or *habeas corpus*), observed (at *p. 810*) that, assuming a capital case is one in which the only punishment is death, the defendant was under an indictment which charged a capital offence, and the judgment against him did not require the taking of his life, but, notwithstanding, if successful (on error), he would remain charged with a capital offence, and the jury on the second trial might withhold any recommendation relating to punishment, if they should find him guilty of murder of the first degree; and that where the indictment charges the defendant with murder, it remains a capital case until finally disposed of, and is not within the mandatory clause of the section referred to concerning bail, because the crime charged is a capital one and its character is not changed by bringing a writ of error. Barone took a writ of error from the judgment entered on this decision, and, in the opinion of the court of errors and appeals, which led to a dismissal of that writ (because the order of the trial court refusing bail was *certioraried* to the supreme court for review when a proper writ to enforce the performance of such duty was by *mandamus*), Mr. Justice Kalisch observed, that as the crime of murder in the first degree is by our statute punishable with death, it follows that a person convicted of that degree is subject to the imposition of the death penalty unless the jury recommends that life imprisonment be inflicted; that, notwithstanding the imposition of the milder punishment, it is quite clear that the conviction in its very nature remains a conviction of a capital crime and falls within the class of cases in which bail under our statute shall not be taken pending appeal.

Blackstone, speaking of criminal judgments and their consequences, says that some are *capital* and extend to the *life* of

the offender. *4 Bl. Com. 376.* In *1 Bouv. Law Dic. (Rawle's rev.) 284,* capital punishment is defined to be "the punishment of death."

It is to be borne in mind that the language of the act of 1795 is "punishable with death." The word "punishable" means "deserving of or liable to punishment; capable of being punished by law or right." *Web. New Int. Dic. 1736.* The word "punishable," as used in statutes which declare certain offences are punishable in a certain way, means liable to be punished in the way designated, and does not mean must be so punished; and the fact that a recommendation to mercy may reduce the punishment, otherwise prescribed, does not take the offence out of the operation of the general provision as to offences punishable, &c. See *Words and Phrases 5849.*

The principle involved in the application before me was present in the case of *State* v. *Barone* on the question of admission to bail, and the doctrine enunciated by the supreme court and court of errors and appeals thereon is quite decisive of the question *sub judice.* In other words, if a capital case, which, as we have seen, means one in which the death penalty may be denounced, retains its character of capital, although a milder punishment may be inflicted, so, a case punishable with death, which is capital, retains its characteristic of *punishable with death,* notwithstanding a milder punishment may be inflicted. These views lead inevitably to the conclusion that the application in this case, for allowance of a writ of error, is properly made to the chancellor under the established procedure in this state.

In the matter before me I am not persuaded that I should order a writ of error out of the supreme court as a writ of grace; and will therefore deny the application. An order to that effect will be made and filed and a certified copy will be sent the clerk of the court of errors and appeals, to the end that counsel may cause a writ of error to be issued out of the court of errors and appeals as a writ of right.

Order accordingly.