This is an appeal from an order of the Hudson county orphans court, directing the trustees of the estate of John Lucey, deceased, to expend from the corpus of the trust fund such sum as may be required to add to the income therefrom in order to aggregate the sum of $2,100 yearly, to be used for the support, maintenance and education of three minor children of the testator, viz., Theodore, Frances and Margaret Lucey, aged, respectively, seventeen, twelve and eight years. At the time of testator's death there were five children. *Page 315 
In his will he provided that after the payment of certain legacies specified therein —
"All the rest, residue and remainder of my estate to my executors and trustees hereinafter named, to hold the same in trust for the following purposes.
"Second. To collect and receive the income from my estate and to expend the same or such part thereof as they see fit, for the care, maintenance and education of such of my children as survive me, whether now living or hereafter born, except my son John; and the said trustees are to have full power, discretion and authority in the matter of the expenditure of said income for the benefit of said children during their minority.
"Third. To pay over to my said children, except my son John, as aforesaid in equal shares, said principal, income and accumulations of said moneys, if any, as each child shall or may respectively arrive at the age of twenty-one years, except that the share of my son Theodore shall not be paid to him until he shall arrive at the age of thirty-five years, and then only upon the condition that my then acting executors and trustees are satisfied that my son Theodore is qualified to properly manage his share, but if not so satisfied, then the share of my son Theodore shall be held and distributed among my other children then surviving, except my son John, according to the terms and conditions of this will; and if my son Theodore should die before arriving at the age of thirty-five years, or in case of thedeath of any of my other children before arriving at the age oftwenty-one years, then his or her share shall be equally divided among my other children then surviving, except my son John, share and share alike; but such portion accruing to any child still under age, or my son Theodore before he arrives at the age of thirty-five years, shall be held for his or her benefit until their majority, or in the case of Theodore until he arrives at the age of thirty-five years, in accordance with the provisions of this will."
The trustees under the will are also the testamentary guardians of the persons and property of the infants. The net income from the trust fund is approximately $1,200 a year. The trustees have paid this entire sum for the support and maintenance of the children. Two of the five children have already reached the age of twenty-one years, and have been paid their proportionate part of the corpus as specified in the will.
The mother of the children, as their natural guardian, applied to the Hudson county orphans court, by petition, *Page 316 
for an order requiring the testamentary guardian or trustees to pay an additional amount from the corpus of the trust fund, alleging that the income stated was not sufficient to provide for the needs of the three infant children, and that she had no means of her own to apply to their maintenance and education. An order was thereupon made by the orphans court directing the payment of an additional sum of about $900 per annum from the corpus. It is from this order that the present appeal is taken.
It is clear that the testator's intent was that the payments for the benefit of the children should not only be limited to the income, but that only so much of that income should be paid to them as the trustees saw fit to expend for their care, maintenance and education. It is the settled rule, however, in this state, that encroachments upon the corpus of the estate of infant legatees, in advance of the time of distribution, are permitted in proper cases by a court of equity. Stephens v.Howard's Executor, 32 N.J. Eq. 244; Pfefferle v. Herr, 75 N.J. Eq. 219; Smith v. Robinson, 83 N.J. Eq. 384. But, as stated by Vice-Chancellor Van Fleet, in Stephens v. Howard's Executor,supra, at p. 247 of the report: "It is, however, a power of great delicacy, and should be exercised very sparingly, and with the utmost caution." And further, that — "The source of the power it is easy to trace. It is found in the fact that the infant is the absolute owner of the property; no other person having either a present or prospective legal interest in it, and that if the present enjoyment of the property is withheld the infant must suffer possibly for the advantage of some person who has no interest in the infant, and was never thought of by the testator as a possible recipient of his bounty."
Can it be said in this case that any one of the three present infants is the absolute owner of his prospective share of the trust property, and that no other person has either a present or prospective legal interest in it? By the plain terms of the will Theodore's share is not to be paid to him until he reaches the age of thirty-five years, and if, at that time, *Page 317 
the trustees should feel that he is not a proper person to receive the corpus, it is not to be paid to him at all, but it is to be divided pro rata among the other children then surviving, and, in case of the death of either of the other two children before reaching the age of twenty-one years, then that share is to be equally divided among the other surviving children. If, therefore, the sum of $300 per annum should be paid from the corpus for the benefit of the nine-year-old child until she reached the age of twenty years, and she should then die, $3,300 of the corpus will have been expended upon her, which would otherwise, upon her death before reaching the age of twenty-one years, have been divided equally among the other surviving beneficiaries. They would thereby be deprived of so much of their clear share of the corpus. And so, also, with respect to the payments made from the corpus for the benefit of the other children.
I think, therefore, that the bequest of the residue of the estate to the trustees upon the trusts stated does not vest the legacies in the respective infants in a manner to make them theabsolute owners of the property with no other person havingeither a present or prospective legal interest in it, which is the test of the right of the court as indicated by Vice-Chancellor Van Fleet, supra, to warrant an encroachment upon the corpus for the benefit of a legatee, in advance of the time fixed by the testator for the payment of the bequest. See, also, Gifford v. Thorne, 9 N.J. Eq. 702; Carter v. Bugbee,92 N.J. Law 390 (at p. 393).
It is to be further noted that the power of the orphans court to direct the payment of the principal for the support, maintenance or education of a minor has reference to a general statutory or testamentary guardian, and not to simply a guardian by nature, and is based upon sections 3 and 19 of the "Act concerning guardians." 2 Comp. Stat. pp. 2628, 2633. Those sections provide for an application by the guardian of the infant, and in the present case no application was made by such guardian. The natural guardian *Page 318 
who made the application to the Hudson county orphans court is not within the statute. Graham v. Houghtalin, 30 N.J. Law 552;In re Barry, 61 N.J. Eq. 135; Pfefferle v. Herr, supra.
I am, therefore, of the opinion that the order of the Hudson county orphans court, under review on this appeal, should be reversed, and I will so advise.