This is an application for a writ of error in behalf of the defendants, who were convicted of murder in the first degree in the Essex oyer and terminer, Merra without recommendation to life imprisonment, and, consequently, he has been sentenced to death; Ranelli, alias Piccoli, was recommended for life imprisonment, and he, consequently, has been sentenced to imprisonment for life. Although not sentenced to death, the case of Ranelli, or Piccoli, is a capital case, in which the death penalty may yet (in case of conviction on a retrial without recommendation) be inflicted. State v. Giberson, 94 N.J. Eq. 25.
The act of 1878 (P.L. p. 80) provides that writs of error in criminal cases punishable with death should be writs of right instead of writs of grace, by omitting the provision for the chancellor's order, and expressly provides that such writs should issue, of course, out of the court of errors and appeals. Notwithstanding this act, applications have ever since been made to the chancellor in the first instance (as explained in theGiberson Case, supra, and Kohl Case, infra), and if he refuses to order the writ as of grace out of the supreme court, the convict may then sue out such writ from the court of errors and appeals as one of right. Kohl v. State, 59 N.J.L. 195.
Before the passage of the act of 1878, whenever application was made to the chancellor for a writ of error out of the supreme court in a capital case, he required notice to be given to the prosecutor of the pleas, who often appeared before him with the attorney-general, on behalf of the state, and *Page 482 
after solemn argument, sometimes the application was refused and the culprit was executed without any review. Since the passage of the act of 1878 the practice of causing notice to be served upon the prosecutor has fallen into disuse, because, if the writ of grace out of the supreme court be refused, the state prevails as it might on argument, and the convict cannot be harmfully aggrieved because he has the writ of right out of the court of errors and appeals, where the state, being defendant in error, is fully heard on review of the judgment.
It has been the practice with my predecessors to grant a writ of error to the supreme court only where, on the ex parte
application for the writ on behalf of the prisoner, it seemed that the errors complained of were so substantial that the chancellor would, under the old practice, have sent the case to the supreme court; but where, on such application and cursory review by him, the chancellor was of opinion that the errors did not present a fairly arguable case, he denied the writ. The practice has been mine, and, the case at bar falling within the latter class, in my opinion the writ of grace should be denied, which will permit the prisoners to sue out the writ from the court of errors and appeals, as a writ of right.
Although this matter concerns a proceeding in the court of errors and appeals, and is before the chancellor as a statutory magistrate or agent, and is not in the court of chancery, it is, nevertheless, entitled and filed in chancery, by virtue of the act of 1915 (P.L. p. 28), which provides that all proceedings before the chancellor or a vice-chancellor, not being proceedings in the court of chancery itself shall, nevertheless, be entitled in the court of chancery and filed with the clerk thereof, and shall be records of his office. See State v. Giberson, supra
(at p. 26). Let a certificate be made denying the writ of error to the supreme court, which shall be filed with the clerk in chancery. The attorney of the defendants may take a copy of it, certified by the clerk, to the secretary of state, the exofficio clerk of the court of errors and appeals, *Page 483 
to the end that a writ of error be issued out of that tribunal in this case.
The attorney for the plaintiffs in error has endorsed upon the writ as an additional attorney, the name of the counsel associated with him for the convicts. This is irregular. A party can have but one attorney of record, who may be an individual practitioner or a firm of lawyers, although he may have several counsel. See In re Stewart, 85 N.J. Eq. 3. The counsel's name will be stricken out.