Dorothy P.B. Caruso, widow of Enrico Caruso, deceased, filed her bill of complaint herein, in which she set out that Enrico Caruso died in the city of Naples, kingdom of Italy, on August 2d 1921, being a resident and citizen of such kingdom at the time of his death, leaving him surviving his only next of kin and heirs-at-law, the complainant, his widow, an infant daughter, Gloria Caruso, then four years of age (the daughter being the lawful child of the said Enrico Caruso and complainant, Dorothy P.B. Caruso), and two sons, Rodolfo Caruso, of full age, and Enrico Caruso, Jr. (the latter being then of the age of twenty years and upward and being emancipated for the purpose of transacting business and managing his estate under the Italian law), and also a brother Giovanni, also of full age; that said sons, Rodolfo and Enrico, were natural sons, born to Enrico Caruso by another mother than complainant, but were recognized by the deceased as his children during his lifetime; that such sons and brother all then resided at Naples, Italy, being citizens of the kingdom of Italy; that Enrico Caruso left a testamentary document, bearing date January 4th, 1919, a true copy of which in the Italian language and a translation into English, are annexed to the bill of complaint. By the translated document it appears that he provides that his sons *Page 353 
Rodolfo and Enrico and his brother Giovanni should be his universal heirs; and gave to his wife, Dorothy, the part which the Italian law grants to her, and provided until her death for his stepmother, Maria Castaldi. Such document was made prior to the birth of decedent's lawful daughter, Gloria, and makes no provision for her or any after-born children. Upon the death of Enrico Caruso questions arose under the Italian law as to the extent to which decedent's lawful daughter, Gloria Caruso, being born subsequent to the making of such testamentary document, was entitled to share in decedent's estate, and whether such estate should be distributed as in case of complete intestacy or as controlled by such testamentary document in all other respects except as to the interests of the daughter, Gloria, and the latter determined as though in case of intestacy; and such proceedings were thereafter had in the Italian courts to obtain jurisdiction in the premises as resulted in the appointment of a special guardian of the infant Gloria (complainant being under the Italian law the general guardian of said infant), and the appointment of a general guardian for Enrico Caruso, Jr.; and thereafter Amedeo Canessa, special guardian for the infant Gloria, and Manlio Tizzani, general guardian for the infant Enrico Caruso, Jr., and all other parties in interest, entered into an agreement for a family settlement of the estate of said Enrico Caruso of all questions and controversies which might arise with respect thereto; and division of said estate in substance was made, agreed upon and approved by the Italian court. The bill prayed for the settlement of the accounts of Mrs. Caruso as ancillary administratrix appointed by the prerogative court of this state for distribution to those entitled thereto (the persons named in the Italian judgment), and that she may be discharged as such administratrix, c.
Messrs. McDermott, Enright Carpenter signed the bill as solicitors and of counsel with complainant.
Thereafter, the clerk of this court was appointed guardian adlitem for Gloria Caruso, and Norman Grey, Esquire, was assigned by the court as his solicitor and counsel. Mr. Grey *Page 354 
died, and afterwards Martin V. Bergen, Esquire, was appointed in his place and stead. An answer and an amended answer have been filed for Gloria Caruso, the infant defendant, by her guardianad litem, through counsel. An answer has been filed by the clerk of this court, guardian ad litem for Enrico Caruso, Jr. As he is now of age he may be represented by counsel of his own choice. See Moore v. Moore, 74 N.J. Eq. 733. The Victor Talking Machine Company has also filed an answer and a counter-claim to the bill of complaint.
Afterwards, the complainant herein, Dorothy P.B. Caruso, filed a petition in this court setting forth, among other things, that she filed her complaint in this court setting forth that she received certain moneys of the estate of Enrico Caruso as ancillary administratrix, and prayed that her accounts as such might be settled and a decree made for the distribution of moneys in her hands to the persons entitled thereto, and for other relief as therein set forth; that Gloria Caruso, infant defendant in said proceeding, made answer by the clerk of this court, her guardian ad litem, contesting the proposed distribution of the funds in the hands of the petitioner as such ancillary administratrix, and claiming, among other things, that the entire principal of the estate in New Jersey may be decreed to be the property of said Gloria Caruso as sole distributee, subject to the proportion of income to which her mother, the petitioner, is entitled in her lifetime; that the issues made by the complainant, and the litigious (amended) answer mentioned have not yet been disposed of or settled; that the before-mentioned settlement was arrived at and that the agreement therefor was confirmed and approved by decree of the civil and penal tribunal of the city of Naples, dated October 21st, 1921, and decree of the same court on June 16th, 1922; that the issues raised in the case are pending; and asks for allowance out of the estate of Enrico Caruso in New Jersey of an annual amount for the support, maintenance and education of the infant, Gloria Caruso, as she is accustomed and is entitled to enjoy.
This petition was signed by John J. Treacy, Esquire, as *Page 355 
solicitor for complainant. On it is a notice directed to Martin V. Bergen, Esquire, solictor of the guardian ad litem for Gloria Caruso, and to McDermott, Enright Carpenter, Esquires, solicitors of complainant, ancillary administratrix, notifying them that on a certain day, at the chancery chambers, state house, Trenton, the solicitor for the petitioner would apply to the chancellor for an order in accordance with the prayer of the said petition. Service of the petition and notice was acknowledged by Mr. Bergen, and by Messrs. McDermott, Enright 
Carpenter. The filing of the last-mentioned petition in this case was irregular.
The doctrine of retaining jurisdiction to settle the entire controversy is confined to the determination of rights dependent upon, or at least germane to, the subject-matter and main purpose of the bill. Jurisdiction will not be retained to adjust independent controversies between the parties or controversies beyond the scope of that raised by the bill. 21 C.J. 148. We are not without decisions bearing on that question in this state. In Shaw v. Beaumont Co., 88 N.J. Eq. 333, it is held that it is not an inflexible rule that, when the court of chancery, having once acquired jurisdiction for one purpose, is bound to retain the case for complete relief; whether the court will do so, so as to include all the points in controversy between the parties, rests somewhat in the discretion of the chancellor. The rule applied in this case, where the court of chancery, under an agreement, had jurisdiction to make an accounting, excluded therefrom items under two former agreements, which were cognizable at law; and this was held proper by the court of errors and appeals. It has been laid down in this court that amendments must be germane — that is, akin or closely allied to the pleading amended, and while they are allowed in equity with great liberality, the doctrine has not been extended so far as to permit the substitution of an entirely different case from that made in the original bill or petition. Fodor v. Kunie, 92 N.J. Eq. 301,304. This illustrates the principle. I lay out of view complainant appearing as petitioner in the same cause by different solicitors of record. See In re Stewart, 85 N.J. Eq. 3; *Page 356 
also, State v. Merra, 99 N.J. Eq. 480, on the subject of solicitors of record, generally.
Now, as shown, the bill in this case was for the settling of the accounts of the complainant as administratrix and for a decree of distribution to the persons entitled thereto, c. What possible relation that has to the question presented by the petition, namely, the payment to Mrs. Caruso from the estate of the infant defendant Gloria of an allowance out of the estate of Enrico Caruso in New Jersey, for the support, maintenance and education of Gloria according to her station in life, is not perceived. Therefore, it is not germane, and, therefore, in strictness, would have to be the subject of an independent and original bill of complaint. The case made by the bill in this case has peculiar features and prays, among other things, for the decision of certain equitable questions arising under the agreement of the late Enrico Caruso and the Victor Talking Machine Company, and the decree of the Italian court above mentioned, and is therefore properly filed herein under a long line of cases in this state. See Vaiden v. Edson, 85 N.J. Eq. 184.
See, also, In re Riley, 92 N.J. Eq. 567.
However, counsel for Gloria's guardian ad litem argued this case, together with counsel for the petitioner, orally and on briefs, and made no objection to jurisdiction on the argument, but does in his brief. He says that the application is by petition and the matter comes before this court on affidavits. Trial by affidavits is a particular feature of chancery jurisdiction. In re Hayden, 101 N.J. Eq. 361. The proper practice in this matter should have been by bill with its accompanying testimony in open court. In re Barry, 61 N.J. Eq. 135
(at p. 136). See, also, Receiver v. First NationalBank, 34 N.J. Eq. 450. And counsel further says: "We have no desire, however, to stand on such technicalities in this matter." In the circumstances, therefore, I shall consider and decide the case. There is authority for this. In Buckley v. Perrine,55 N.J. Eq. 514, the court of errors and appeals said: "When an infant has been brought before a vice-chancellor on habeascorpus, and the petitioner for the *Page 357 
writ and the person in possession of the infant make counter-claims to the permanent custody of the infant, they may, by entitling their pleadings in the court of chancery and filing them with the clerk of that court, presenting therein an issue which only that court is competent to try, indicate their purpose to transfer the controversy into that court, and so give that court complete jurisdiction of their cause." And in the instant case the court of chancery is the proper forum in which to try the issue tendered by the petitioner in this cause, and, therefore, the waiver interposed on behalf of Gloria is complete and jurisdiction obtains.
Nothing can be taken as admitted against an infant, either by his default or on the answer of his guardian ad litem. Shultz
v. Sanders, 38 N.J. Eq. 154, 156; affirmed, Ibid. 293. The rule that a next friend or guardian ad litem cannot, by admissions or stipulations, surrender the rights of an infant, does not prevent a guardian ad litem or prochein amy from assenting to such arrangements as will facilitate the determination of the case in which the rights of the infant are involved. Kingsbury
v. Buckner, 134 U.S. 650; 33 L.Ed. 1047, 1048, 1059.
As a general rule, a widow is not bound to support her minor children out of her own property if they have means of their own, and she is entitled to a complete indemnity out of their estate for the money expended by her for their maintenance, within proper limits. Pyatt v. Pyatt, 46 N.J. Eq. 285, 287. This is the declaration of the court of errors and appeals, and is the law of the land. In re Barry, 61 N.J. Eq. 135, Vice-Chancellor Emery observed (at p. 140) that the general policy of this state has been to leave the question of the necessity of the expenditure of the personal estate, both income and principal, to the judgment of the guardian, in the first instance, subject to the affirmance of the orphans court on the settlement of the accounts, and that in all ordinary cases this course affords protection both to the guardian and the infant. See, also, In reVieweger, 93 N.J. Eq. 527.
Now, it becomes necessary to decide whether this is an ordinary case, for, if so, the guardian of the infant becoming *Page 358 
possessed of her property, must decide, in the first instance, what, if anything, is necessary to expend for her, and rely upon the courts passing her accounts in the last analysis; but, if the case is not an ordinary one, then this court may, in its discretion, authorize the guardian, in advance, as to how much of the estate of the ward he may expend for the benefit of the minor with safety to himself. This case falls within that category. It is too complicated to require the guardian, in the first instance, to make these expenditures and rely upon their being approved and settled afterward, assuming that such award shall be made. I am not unmindful that Mrs. Caruso is at present restrained from expending Gloria's money in the estate in New Jersey; but that does not prevent deciding the issue raised. And if the question were ultimately decided in favor of the petitioner the injunction would be modified or dissolved.
But it does not appear that this defendant has any general guardian. The petitioner, Mrs. Caruso, recently filed a petition in the prerogative court praying that letters of guardianship of the person and property of Gloria be granted to her, but the petition alleged that no general guardian had been appointed by any court in any jurisdiction for the minor. Authority for appointing a guardian for a non-resident infant of property of such infant here is under section 43 of the Orphans Court act (Comp. Stat. p. 3827; amended, P.L. 1924 p. 67, and see Inre Caruso, 101 N.J. Eq. 215), and that act provides that the ordinary shall have full authority to appoint a special guardian for the property, real and personal, within this state of any non-resident minor. And it was held that as a guardian adlitem, namely, a special guardian had been appointed for the infant in this court in this case to conserve and protect the only property, real and personal, within this state, which she, the non-resident minor, had, it abundantly appeared that it was absolutely unnecessary to appoint any other guardian to protect that property. It will be observed that the decision there was, that it appeared to be unnecessary to appoint any other guardian than the one already in existence, to protect the property of the infant in this state. In re Caruso, supra. *Page 359 
That case is not this case. For here the petition of the mother presents an affirmative claim for relief by asking for payment to herself for the support, c., of her infant daughter according to her station in life, for the benefit of the infant. And the question is, may not the prerogative court, upon proper showing being made there, appoint Mrs. Caruso a special guardian for such infant for the purpose for which the present petition was filed. In fact, she was given leave to apply for special guardianship for a certain other purpose in the case just mentioned, but did not do so; and now, having here made a different showing, may she not make the application just mentioned? And I think she may.
In the United States the father, and, upon his death, the mother, is guardian by nature of all the infant children, but this guardianship extends only to the custody of the person, and not the estate, of the infant; the legal obligations and claims of the parent in regard to the children are sometimes designated by saying that he is guardian of the children by nature and for nurture. Guardianship for nurture vests in the father, and, after his death, the mother. Custody of Infants
(Hochheimer) p. 6. A guardianship for nurture is what the term implies, namely, the bringing up and taking care of children. 3 Bouv. L. Dict. (Rawle's 3d Rev.) 2387. But this does not contemplate that the expense shall be borne by the infant's estate. That question is independent.
It was decided by the court of errors and appeals in Graham
v. Houghtalin, 30 N.J. Law 552, that a guardian by nature is guardian of the person only, and not of the estate. Ibid. 566.
The power to direct payment of principal of an estate for the support, maintenance or education of a minor, is dependent upon the statute, which has reference only to a general, statutory or testamentary guardian, and does not include payment to a guardian by nature. In re Lucey, 98 N.J. Eq. 314, 317. And, as seen, a guardian by nature having only the custody of the infant, and not of his estate, cannot have awarded to him or her any of the estate of the infant as natural guardian. There must, therefore, according to our law, be a guardian for an infant within this jurisdiction, who *Page 360 
can and will give the proper bond for the faithful performance of the duty of guardianship, in order to have the property belonging to the infant awarded to such guardian. He must, ordinarily, be a general guardian, and that by appointment of a competent court. But under our statute a special guardian may be appointed with reference only to the property in this state. Of course. an administratrix has no authority to collect money and expend the same in the support, maintenance and education of a minor — that is entirely foreign to the office of administratrix. Now, Mrs. Caruso files her petition as mother and natural guardian of Gloria, applying for the award already mentioned, and asks that she, as ancillary administratrix in New Jersey, be authorized to charge the same against the interest of Gloria in the estate upon the settlement of her (Mrs. Caruso's) account, c. As shown, this cannot be done.
Mr. Justice Story's opinion supports the proposition that the rights and powers of guardians are considered as strictly local and as not entitling them to exercise any authority over the person or personal property of their wards in other states, upon the same general reasoning and policy which have circumscribed the rights and authorities of executors and administrators.Story Confl. L. § 499.
From what has gone before, it is perfectly clear that nothing can be awarded to Mrs. Caruso for the infant out of her interest in the New Jersey property in the present status of the parties. Both the mother and daughter are non-residents. The mother, as natural guardian, is not the guardian of the estate of the infant in New Jersey. As administratrix here she has no capacity to take for the daughter's support, according to her station in life, or otherwise. No guardian has been appointed for the infant anywhere. Such a guardian may be appointed here for the purpose of permitting that guardian — for which appointment the mother has the first and best right — to apply, as stated. And when and if appointed, whether or not she would be entitled to an award, and if so, how much, is a question upon which no opinion is now expressed; and, consequently, the other questions raised, *Page 361 
namely, as to the validity, by comity, of the Italian decree; the amount, if any, to be awarded for Gloria according to her station in life, c.; and what is principal and what income under the contract between the late Mr. Caruso and the Victor Talking Machine Company are expressly reserved.
The result at present reached is, that Mrs. Caruso may apply to the prerogative court to be appointed special guardian for the estate of her infant daughter, Gloria Caruso, in New Jersey, to the end that she may apply here for an allowance out of such estate for the support, maintenance and education of Gloria according to her condition in life.