THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN KING, PLAINTIFF IN ERROR.

Submitted October 26, 1929—Decided May 19, 1930.

For the plaintiff in error, *George E. Cutley*.

For the defendant in error, *John Drewen*, prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR. John King, the plaintiff in error, was indicted and tried in the Hudson Oyer and Terminer for the crime of murder. He was convicted of murder in the first degree and sentenced to imprisonment for life, according to the recommendation of the jury. He sued out a writ of error from the Supreme Court to review the legality of his conviction, and that court in a *per curiam* said: "The writ of error must be dismissed, as it does not appear in the state of the case sent up with the writ of error that application was made to the Chancellor for a writ of error to the Supreme Court. This must be done under the case of *State* v. *Giberson,* 119 *Atl. Rep.* 284." See, also, the official report, 94 *N. J. Eq.* 25.

Upon dismissal of the writ of error out of the Supreme Court plaintiff in error sued out a writ of error from this court directed to the Supreme Court, and under it not only seeks to reverse the judgment of the Supreme Court on the ground just adverted to, but also argues the merits of the case upon the other assignments of error and specification of causes for reversal assigned and filed in the Supreme Court, which is

proper practice, in the event the case was properly in the Supreme Court, and therefore properly here. They all. are: first, that the Supreme Court erred in dismissing the writ of error issued out of the Supeme Court as improvident, and if that point be decided for plaintiff in error, second, that there was error in the refusal of the trial court to charge as requested by defendant, third, that there was error in the charge of the court, and fourth, that the verdict was contrary to and against the weight of the evidence.

*First.* The judgment of the Supreme Court dismissing the writ of error was proper.

Counsel for the plaintiff in error on this head argues that many cases which he cites, apply because they were considered on error to the Supreme Court without an *allocatur* of the Chancellor. However, whenever the court's attention was directed to the point under review it was decided that the statute of 1795 was still in force and effect.

In the case of *In re Baronne,* 97 *N. J. L.* 249, the Court of Errors and Appeals gave the subject consideration. That case was on the question of admission to bail, and bail and error are analogous in capital cases, and Mr. Justice Bergen in the Supreme Court (*S. C.* 96 *Id.* 374), said that assuming a capital case is one in which the only punishment is death, the defendant was under an indictment which charged a capital offense, and the judgment against him did not require the taking of his life, but, notwithstanding, if successful (on error), he would remain charged with a capital offense, and the jury on the second trial might withhold any recommendation relating to punishment, if they should find him guilty of murder of the first degree; and that where the indictment charges the defendant with murder, it remains a capital case until finally disposed of, and is not within the mandatory clause of the section referred to concerning bail, because the crime charged is a capital one and its character is not changed by bringing a writ of error. Baronne took a writ of error from the judgment entered on this decision, and in the opinion of the Court of Errors and Appeals, which led to a dismissal of that writ, Mr. Justice Kalisch observed (*In re Baronne,* 97

*Id.* 249), that as the crime of murder in the first degree is by our statute punishable with death, it follows that a person convicted of that degree is subject to the imposition of the death penalty unless the jury recommends that life imprisonment be inflicted; that, notwithstanding the imposition of the milder punishment, it is quite clear that the conviction in its very nature remains a conviction of a capital crime and falls within the class of cases in which bail under our statute shall not be taken pending appeal.

In the case of *State* v. *Mowser,* 91 *N. J. L.* 395, the defendant was convicted of murder in the first degree with recommendation to life imprisonment. A writ of error was issued out of the Supreme Court, without the order of the Chancellor, and Mr. Justice Swayze, in that tribunal, reviewing the conviction, observed that no question had been made as to the propriety of that course, and it was *assumed* that the case was not one punishable with death since the jury recommended life imprisonment. That case (State *v.* Mowser) went to the Court of Errors and Appeals, where it was reversed, but on ground not involving the point under discussion here, which was not mentioned. *State* v. *Mowser,* 92 *Id.* 474.

It is the contention of the plaintiff in error that his punishment for the offense of murder in the first degree, coupled with the recommendation to life imprisonment, while it may have been potentially punishable with death up to the time of his conviction, from the instant the jury made its recommendation it came within the words of the statute, that writs of error in all criminal cases shall be writs of right and issue of course.

The trouble with this is that counsel for the plaintiff in error does not give due and proper effect to the decision of this court in the case of *State* v. *Kohl,* 59 *N. J. L.* 195, where the Court of Errors and Appeals left undecided the question whether the *allocatur* of the Chancellor, is a jurisdiction guaranteed by the constitution; but observed, that if it were not it forms no impediment to the legislative grant of the writ of error as a writ of right out of the Court of Errors and

Appeals in all cases punishable with death; that if it be, it narrows that grant only so far as the jurisdiction of the Supreme Court extends, leaving the convict entitled to his writ of error out of the Court of Errors and Appeals whenever the Chancellor refuses to order the writ of grace out of the Supreme Court. In the Kohl case the defendant, who had been convicted of murder in the first degree and sentenced to be hanged, caused a writ of error to be issued from the Supreme Court, which, on motion of the prosecutor, was dismissed by that tribunal because it had not been allowed by the Chancellor. That action was reviewed by the Court of Errors and Appeals in *Kohl* v. *State, supra;* and that court held that the writ sued out by the plaintiff in error was neither the writ of grace provided by the act of 1795 nor the writ of right given by the act of 1878, and was therefore properly quashed. And that is this case: here the writ which the Supreme Court dismissed was neither the writ given by the act of 1795 nor that given by the act of 1878, and, consequently, it was properly dismissed by the Supreme Court.

The case of *State* v. *Giberson, supra,* decides that if a person convicted of murder in the first degree, whether sentenced to death or to imprisonment for life, desires to review the judgment, he is obliged to apply to the Chancellor for a writ of error under the act of 1795, and, if the Chancellor refuses the writ of grace therein provided for, then the convict may sue out a writ of error from the Court of Errors and Appeals as a writ of right under the act of 1878.

*Second.* Counsel assumed, as already stated, to argue the merits of this case as presented to the Supreme Court but not passed upon by that tribunal, for it dismissed the writ as improvidently sued out, which precluded a decision of the merits. This court ordinarily will not hear a party as to a question not raised in the court below (unless it goes to jurisdiction, or public policy is involved). *State* v. *Verona,* 93 *N. J. L.* 389, 392; *Allen* v. *Paterson,* 99 *Id.* 489; *Burhans* v. *Paterson, Ibid.* 490.

If the question here discussed goes to jurisdiction or public policy, the answer is that it has been decided adversely to the plaintiff in error in the Kohl, Baronne and Giberson cases.

In *Williams* v. *Connolly Contracting Co.*, 74 *N. J. L.* 105, it was held (at *p.* 108), that the state of the case before the Supreme Court did not show that any legal question was raised by the appellant in the trial court and there decided adversely to its contention; which means, of course, that the question must be passed upon by the court below to be reviewable. And the reason is that the judge or judges of the lower court cannot be reversed upon questions never considered by them. The rule is the same in chancery. In *Engelhard* v. *Schroeder*, 92 *N. J. Eq.* 663, the Court of Errors and Appeals held (at *p.* 668), the objection to the decree below, in the brief filed by appellants, was not made a ground of appeal nor brought to the attention of that court and therefore required no consideration in the court above. See, also, *Boice* v. *Conover*, 63 *N. J. Eq.* 273; *Cumberland Lumber Co.* v. *Clinton Manufacturing Co.*, 57 *Id.* 627; *Penn Mutual Insurance Co.* v. *Semple*, 38 *Id.* 575.

In the Semple case just mentioned the Court of Errors and Appeals said that the matter of appeal was not made the subject of proof and consideration in the court below and the court above therefore ought not to give a hearing on the appeal.

In *Champlin* v. *Barthold*, 82 *N. J. L.* 13, it was held by the Supreme Court (at *p.* 14), that where a judgment cannot be reversed upon the grounds specified, it is affirmed.

It must be perfectly obvious that an inferior court cannot be reversed on a question or questions it never decided. For a superior court to do that would not be to review its proceedings and reverse an erroneous decision, but to make a decision as though it was a court of original jurisdiction.

Where the Supreme Court held that a writ of error was improvidently issued and dismissed it for that reason, as in the case at bar, and this court, on appeal, should be of opinion that that holding was erroneous, it would reverse on that ground and remit the cause to the court below with directions to it to proceed to consider and decide the merits.

Not so here: in this case the writ of error was properly dismissed, which left no merits for consideration and deter-

344

mination in the Supreme Court, and there are consequently none here to be passed upon.

The judgment of the Supreme Court dismissing the writ of error in the case at bar as improvidently issued, should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, VAN BUSKIRK, MCGLEN-NON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.

*For reversal*—None.