44 N.J. Super. 89 (1957)
129 A.2d 756
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTHONY MAGONIA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 18, 1957.
Decided March 6, 1957.
*90 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Joseph Butt argued the cause for appellant.
Mr. Frank J.V. Gimino, Assistant Prosecutor, argued the cause for the respondent (Mr. Frederick T. Law, County Prosecutor).
The opinion of the court was delivered by JAYNE, J.A.D.
The precursory information can be imparted in a summary fashion. At the September term 1945 the grand jury of the County of Hudson indicted the defendant for the commission of the crime of murder in the first degree. On March 5, 1946 with the advice of counsel and after a precautionary interrogation by the court, the defendant voluntarily entered a plea of non vult to the allegations of the indictment. The plea was accepted and on March 19, 1946 the defendant was sentenced to serve a term of life imprisonment.
On June 12, 1956 the defendant addressed a petition to the Hudson County Court praying for the vacation of the judgment of conviction and the resultant sentence. The petition was denied on September 18, 1956, from which order the defendant has prosecuted the present appeal to this Division.
We have heard the argument of counsel for the appellant, but it has independently occurred to us that this Division lacks jurisdiction to hear and determine an appeal of this nature.
*91 Art. VI, Sec. V, par. 1 of our Constitution of 1947 provides that appeals may be taken to the Supreme Court in capital causes. R.R. 1:2-1 authorizes the prosecution of appeals to the Supreme Court from final judgments directly from the trial courts in capital causes. Of particular significance in the present situation is R.R. 1:10-1(b) which declares that "all appeals taken in capital causes are hereby certified directly" to the Supreme Court.
Obviously the present appeal, however belated, implicates the vacation, vel non, of a final judgment of conviction of the crime of murder in the first degree. It is equally apparent that if the present appeal is one taken in a capital cause, it has been certified to the Supreme Court and thus removed from our consideration. State v. Cicenia, 6 N.J. 296, 299 (1951); State v. Tune, 13 N.J. 203 (1953).
Assuredly a crime for the commission of which a guilty person may be punished by the forfeiture of his life is a capital crime, and the prosecution of a defendant accused of the commission of a crime of that gravity is a capital cause. It is in such a cause that the defendant has in the present instance entitled and filed his petition, and it is the judgment rendered in such a cause from which he seeks relief. This is not an appeal of an adjudication in a distinctly collateral proceeding arising because of the conviction, such as an application for a writ of habeas corpus or an action instituted in lieu of prerogative writ.
We have not ignored the circumstance that the defendant escaped the death penalty and was sentenced to life imprisonment. Our precedential decisions have announced that, notwithstanding the imposition of the milder punishment, the conviction in its essential nature remains a conviction of a capital crime. In re Baronne, 97 N.J.L. 249, 250 (E. & A. 1922); State v. Giberson, 94 N.J. Eq. 25, 28 (Ch. 1922). Murder, at common law, is a capital offense. The statutes in our State describing the degrees have not created separate and distinct crimes. The gradation of the offense pertains only to the character and extent of the punishment. State v. Brown, 22 N.J. 405 (1956).
*92 It is the crime charged in the indictment that classifies the case. Cf. State v. Leo, 34 N.J.L.J. 340 (O. & T. 1911); State v. Pontery, 19 N.J. 457, 467-8 (1955). Where the death penalty may be imposed for the crime charged, the prosecution of the accused is a capital cause regardless of the punishment actually inflicted. Consult, Ex parte Berry, 198 Wash. 317, 88 P.2d 427 (Sup. Ct. 1939) and Lee v. State, 31 Ala. App. 91, 13 So.2d 583, 587 (Ct. of App. 1943), both containing a supply of pertinent citations.
In State v. Merra, 99 N.J. Eq. 480, 481 (Ch. 1926), Chancellor Walker expressed the following observation:
"* * * Although not sentenced to death, the case of Rannelli, or Piccoli, is a capital case, in which the death penalty may yet (in case of conviction on a retrial without recommendation) be inflicted."
We conclude that the present appeal is one taken by the defendant in a capital cause embraced by R.R. 1:10-1(b). It is noticeable that the appeals taken by the defendants from the orders of the Essex County Court denying motions for a new trial in the capital case of State v. Grillo, 16 N.J. 103 (1954) were recognized by the Supreme Court to be certified to it by virtue of R.R. 1:10-1(b).
Since the announced object of the rule is to avoid undue delay, we shall invoke R.R. 1:27D and by our mandate direct the clerk of this court to transmit the record to the Supreme Court.